SHARON W. LIPSEY

V.

PHILLIP D. CASE, ET AL.

Record No. 930865

June 10, 1994

Present: All the Justices

*Elizabeth P. Murtagh (Haine & Murtagh,* on brief), for appellant.

*Cathleen P. Welsh (M. Bruce Wallinger; Wharton, Aldhizer & Weaver,* on brief), for appellees Phillip D. Case and Margo Case.

No brief or argument on behalf of appellee Christine Post.

JUSTICE STEPHENSON delivered the opinion of the Court.

The issue in this appeal is whether an action at law is jurisdictionally barred by the Virginia Workers' Compensation Act, Code § 65.2-100 *et seq.* (the Act).

Plaintiff, Sharon W. Lipsey, filed an action at law against the defendants, Phillip D. and Margot Case (the Cases) and Christine Post. Lipsey sought damages for injuries she sustained that allegedly were caused by the defendants' negligence. The defendants filed pleas in bar, claiming that Lipsey's exclusive remedy was under the Act. The trial court sustained the pleas and dismissed Lipsey's action, and we awarded Lipsey an appeal.

No testimonial evidence was presented on the pleas. Therefore, the facts are taken from the amended motion for judgment and two exhibits filed by Lipsey.

The Cases placed an advertisement in a national horse publication offering a working student position on their Augusta County farm. Under the working student program, a person would learn horsemanship with a unique breed of horse, the Akhal-Teke.

Lipsey contacted the Cases and was admitted into the program. On September 3, 1991, she moved to the farm and started in the program.

As a working student, Lipsey paid no tuition and received no wages. Instead, she worked on the farm six to seven hours per day, six days per week, for an average of 40 hours per week. In return, Lipsey received daily instruction and guidance in the farm operation, three to four riding/training lessons per week, and board for one horse, all at no cost to Lipsey. She also was provided living facilities on the farm, which she shared with two other working students, one of whom was the defendant, Post.

Numerous farm and domesticated animals lived on the farm. One of the domesticated animals was a Doberman pinscher owned by Post. Post's dog lived in the house with the three working students and was allowed to roam freely about the house and farm.

On September 8, 1991, while Lipsey was at the house on a lunch break, Post's dog attacked her, biting her face and causing severe injuries. Unbeknownst to Lipsey, the dog previously had bitten another person. The defendants knew of this incident and also knew that the dog had a violent disposition and was prone to biting. The defendants, however, never warned Lipsey about the dog.

■ Pursuant to Code § 65.2-101, an employee, in order to be compensated under the Act, must prove that he was injured by an accident "arising out of and in the course of [his] employment." The trial court ruled that Lipsey was the Cases' employee and that she sustained an injury by an accident that arose out of and in the course of her employment. We will assume, without deciding, that Lipsey was an employee and that the accident occurred in the course of her employment.* Thus, we will focus on whether Lipsey's injury arose out of her employment.

■ Virginia recognizes the "actual risk" test which requires that the employment subject the employee to the particular danger that brought about his or her injury. *Olsten* v. *Leftwich*, 230 Va. 317, 319, 336 S.E.2d 893, 894 (1985); *accord County of Chesterfield* v. *Johnson*, 237 Va. 180, 185, 376 S.E.2d 73, 75-76 (1989). Consequently, an accident arises out of the employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury. *Lucas* v. *Lucas*, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972); *Brown* v. *Reed*, 209 Va. 562, 564, 165 S.E.2d 394, 397 (1969); *accord R&T Investments* v. *Johns*, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984).

■ Applying these principles to the facts in the present case, we conclude that Lipsey did not sustain an injury by an accident that arose out of her employment. Nothing about the nature or character of her work, *i.e.*, the care and training of horses, reasonably could have exposed or subjected her to the danger of being bitten by a co-worker's pet dog. It simply is not apparent to a rational mind, in the circumstances of this case, that a causal connection

---

* The term "course of the employment" refers to the time, place, and circumstances under which the injury occurred. *County of Chesterfield* v. *Johnson*, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989); *Bradshaw* v. *Aronovitch*, 170 Va. 329, 335, 196 S.E. 684, 686 (1938).

exists between the conditions of Lipsey's required work and her injury. Therefore, Lipsey's action is not barred by the Act.

Accordingly, we will reverse the trial court's judgment and remand the case for further proceedings.

*Reversed and remanded.*