COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

LEE ROY HOLMES

v.   Record No. 2402-94-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
R. KENNETH WEEKS ENGINEERS                     JUNE 6, 1995
AND
CONTINENTAL CASUALTY COMPANY

                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Stephen M. Smith, on brief), for appellant.

            (William C. Walker; Donna White Kearney; Taylor &
       Walker, on brief), for appellees.


     The sole issue on this appeal is whether Lee Roy Holmes

(claimant) sustained an injury by accident arising out of his

employment on June 14, 1993.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On June 14, 1993, claimant, a surveyor who worked for

employer, was sitting on a stool between the sidewalk and the

street in Virginia Beach, Virginia, sketching a topographic

survey, when he was suddenly attacked by a pack of dogs.  The

parties stipulated that claimant was in the course of his

employment at the time of the attack.  At the time of the attack,

claimant was wearing khaki pants, a summer shirt, a red and white

       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

blazer, and a traffic vest. Claimant testified that he regularly came in contact with dogs both in his work and outside of his work. There was some evidence that the dogs may have escaped from a house near where claimant was working.

The commission denied compensation to claimant on the ground that his evidence failed to establish that the dog attack was a result of his work, and that he was not at a higher risk of being bitten by a dog than the general public. The commission held "[t]hat his work caused him to be at the location without other evidence of a connection between the employment and the attack is not sufficient to qualify for benefits under the Virginia Act."

A finding by the commission that an injury did or did not arise out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. City of Richmond v. Braxton, 230 Va. 161, 163-64, 335 S.E.2d 259, 261 (1985). "Virginia recognizes the 'actual risk' test which requires that the employment subject the employee to the particular danger that brought about his or her injury." Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 106-07 (1994) (citations omitted). Thus, an injury arises out of the employment "'when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (citation omitted).

2

Applying these principles to this case, we find that the commission did not err in finding that claimant's evidence did not prove that he sustained an injury by accident that arose out of his employment. There was nothing about the character or nature of his work as a surveyor that "reasonably could have exposed or subjected [him] to the danger of being bitten by . . . a pet dog." See Lipsey, 248 Va. at 61, 445 S.E.2d at 107. There was no evidence of a causal connection between the conditions of claimant's required work and his injury.

Accordingly, we affirm the commission's decision.

Affirmed.