# CIRCUIT COURT OF LOUDOUN COUNTY

Randolph

v.

USAA Casualty Ins. Co. et al.

Case No. (Chancery) 16989

July 15, 1996

BY JUDGE THOMAS D. HORNE

The Court will overrule the plea in bar and demurrer filed to the instant bill for declaratory relief. Complainant seeks a determination of coverage with respect to policies of insurance issued by USAA. USAA has asserted that complainant's sole remedy is for workers' compensation benefits.

This complaint states an actual controversy subject to review in the instant proceeding for declaratory relief. §§ 8.01-184, et seq.; *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327 (1983).

January 23, 1997

BY JUDGE CARLETON PENN

USAA and the Martins at argument renewed their assertion that had been raised in their Plea in Bar and Demurrer, namely, that this cause should be dismissed because there exists no actual controversy between the parties cognizable under the Virginia Declaratory Judgment Act. This Court had overruled the plea in bar and demurrer, holding "[t]his complaint states an actual controversy subject to review in the instant proceeding for declaratory relief ...." See letter of Judge Thomas D. Horne dated July 15, 1996.

After hearing the evidence and considering the pleadings and further argument, I am of the opinion that this is an "actual controversy" where there is "antagonistic assertion and denial of right." Code of Virginia, § 8.01-184.

The other issue before the Court is whether the accidental shooting in this case by one employee of another of Southern States was an accident "arising out of and in the course of employment."

Because the incident occurred on the parking lot of Southern States at a time when both employees reasonably were leaving their workplace and about to go to their homes, I am of the opinion that the injury arose in the course of the complainant's employment.

However, I am of the further opinion that the injury did not arise "out of" his employment. It is not apparent to a rational mind, under the attending circumstances, that a causal connection existed between the conditions under which their work was required to be performed and the resulting injury. See *Lipsey v. Case*, 248 Va. 59, 445 S.E.2d 105 (1994). There was nothing about the character of Randolph's work as a delivery driver of petroleum products that reasonably could have "exposed or subjected [him] to the danger of being" shot by a co-worker's hunting rifle, especially when the presence of firearms on the premises was expressly prohibited by the employer.