# CIRCUIT COURT OF LOUDOUN COUNTY

Tracy Lee Randolph

v.

Kevin Martin

October 22, 1998

Case No. (Law) 18911

BY JUDGE THOMAS D. HORNE

Tracy Lee Randolph was wounded by an accidental discharge from a hunting rifle. While Kevin Martin was removing the weapon from the trunk of his vehicle, the firing mechanism was activated, causing a bullet to penetrate the rear side wall and strike Mr. Randolph in the left leg. The accident occurred at approximately 4:47 p.m. on October 13, 1995, in the parking lot of the Southern States petroleum distribution center located in Leesburg, Virginia. This action for damages was commenced by Randolph against Martin on March 20, 1997. Defendant has interposed by way of an affirmative defense the bar of the Virginia Workers' Compensation Act.

Counsel have stipulated that in the event the Court were to find the action not to be barred by the provisions of the Act, then Mr. Randolph shall be entitled to recover and have judgment against Mr. Martin in the amount of $100,000.00 with interest from the date of entry of a final judgment order.

Evidence was presented by way of testimony, exhibits, and stipulation.

At the time of the accident and injury complained of, both Mr. Randolph and Mr. Martin were employees of Southern States Cooperative, Inc. The shooting took place on a lot provided for employees of Southern States. Both Mr. Randolph and Mr. Martin had completed their shifts at the store and had proceeded to the lot in order to leave the premises. As Mr. Randolph was walking towards his vehicle, he was summoned by his fellow employee, Mr. Martin, to look at something Martin had in his trunk. Mr. Martin had punched

out shortly before Mr. Randolph and was transferring items from the trunk of his personal vehicle to a company-owned truck.

Over the ensuing weekend, Mr. Martin was to be in an "on-call" status with Southern States. As part of his "on-call" employment, he was furnished a beeper and had the option of using a company truck to drive home and for company business. Mr. Martin, having elected to use the company truck, was permitted to leave his personal vehicle on the Southern States premises during the "on-call" period.

One of the items which the defendant was transferring from his personal vehicle to the company truck was the hunting rifle. During the removal of the weapon, the bullet was discharged. No evidence was offered which would suggest that plaintiff was exposed to any greater risk of injury by gunshot by reason of the environment of the company parking area. To the contrary, the evidence demonstrated a company policy against the possession of firearms at this fuel oil distribution point.

Defendant asserts that the instant accident arose out of and in the course of the plaintiff's employment with Southern States. In determining whether the provisions of the Workers' Compensation Act bar recovery, the Court is guided by the familiar principles that:

> the words of the statute "arising out of and in the course of the employment" should be liberally construed to carry out the humane and beneficent purpose of the Workmen's Compensation Act; that the expressions are used conjunctively and are not synonymous; that both conditions must be present before compensation can be awarded; that the words "arising out of" have been construed to refer to the origin or cause of the injury, and the words "in the course of" refer to the time, place, and circumstances under which the accident occurred; and that an accident occurs in "the course of employment" when it takes place within the period of employment at a place where the employee may be reasonably expected to be and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incident thereto.

> As a guide in determining whether an accident arises "out of" the employment, we cite the definition and test stated in *In re McNicol*, 215 Mass. 497, 102 N.E. 697, L.R.A. 1916A, 306 (1913), that an injury arises out of the employment "when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

*Brown v. Reed*, 209 Va. 562, 564 (1969) (authorities omitted).

In the instant case, the plaintiff and defendant, at the time of the accident, were acting within the course of their employment. Both were at a location which their employer reasonably might have expected them to be (the company parking lot) at a time when they might reasonably be expected to be there (shortly after punching out) and doing something reasonably incident to their employment (leaving work).

However, the Court cannot conclude that the accident arose out of the employment of either the plaintiff or of his co-worker. There is nothing about the nature of the plaintiff's work with Southern States which reasonably could have exposed or subjected him to the danger of being shot by a fellow employee. *See Lipsey v. Case*, 248 Va. 59 (1994). As noted in *Lipsey, supra*,

> Virginia recognizes the "actual risk" test which requires that the employment subject the employee to the particular danger that brought about his or her injury. Consequently, an accident arises out of the employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury.

*Id*. at 61 (authorities omitted).

The defendant brought the weapon onto the premises in violation of company directives. One would not reasonably expect to find firearms in the area of flammable liquids.

This case is readily distinguishable from those principally relied upon by the defendant. In *Roberson v. Whetsell, Adm'r*, 21 Va. App. 268 (1995), the Court of Appeals affirmed the decision of the Workers' Compensation Commission, which found a death by gunshot to have arisen out of the claimant's employment. The Court based its decision upon the findings of the Workers' Compensation Commission that "employee's occupation required him to drive through a crime-ridden area and by a building notorious for its frequent shootings." *Id.* at 272. Thus, it could be concluded that Mr. Whetsell's employment "exposed him to a heightened risk of being shot." Similarly, the Court in *Louisa County Public Schools v. Bradley*, Court of Appeals of Virginia (Record No. 3024-95-2, July 16, 1996), sustained the finding of the Commission that an employee's risk of injury by gunfire was increased by his employment at a school located in an area frequented by

hunters. Thus, such an injury was determined to have arisen out of his employment.

Acceptance of the defendant's position is predicated upon the Court's finding a causal link between the conditions of the plaintiff's work and his injury. *Holmes v. Weeks*, Court of Appeals of Virginia (Record No. 2402-94-1, June 6, 1995). The Court finds no such causal link to exist in this case. Accordingly, the Court will strike the affirmative defense of the Virginia Workers' Compensation Act and enter judgment for the plaintiff in the amount agreed upon by the parties.