COURT OF APPEALS OF VIRGINIA


Present: Judge Bray, Senior Judges Baker and Overton[*]
Argued at Norfolk, Virginia

SMITHFIELD PACKING COMPANY, INC. AND
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS

                                            OPINION BY
v.    Record No. 0402-98-1          JUDGE RICHARD S. BRAY
                                         FEBRUARY 23, 1999
U. W. CARLTON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          William W. Nexsen; J. Derek Turrietta
          (Stackhouse, Smith & Nexsen, on brief), for
          appellants

          Alan P. Owens for appellee.


     Smithfield Packing Company, Inc. and its insurer

(collectively employer) appeal a decision of the Workers'

Compensation Commission (commission) awarding benefits to U.W.

Carlton (claimant) for an injury to his foot.  On appeal,

employer complains that the commission erroneously determined

that the accident arose from employment and that the claim was

not barred by willful misconduct.  We disagree and affirm the

award.

     Upon review, we construe the evidence in the light most

favorable to the party prevailing below, claimant in this

instance.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va.

App. 503, 504, 339 S.E.2d 916, 916 (1986).  Factual findings by

     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

the commission that are supported by credible evidence are conclusive and binding upon this Court.  See Code § 65.2-706(A); Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).  "In determining whether credible evidence exists, [this Court will] not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Id.

The record discloses that claimant, while operating a tractor trailer for employer and undertaking a right turn, had driven "partially into the left lane" of the highway, a movement necessary to make a "wide" turn, "in a tight corner."  During the maneuver, claimant observed a motorcycle approaching "a good piece [from] behind" and to the right, which "just kept speeding up," and stopped the truck to allow the motorcycle to pass.  Once beyond the truck, the driver, William Pettit, "stopped in front . . ., got off his motorcycle, [and] came around to [claimant's] door," "hollering . . . 'Didn't you see me?'"  Pettit "pull[ed] up on the truck trying to get in the door[,] . . . reached in and grabbed [claimant's] arm . . . [and] started pulling [him]."  When claimant "fell out of the truck on to the ground[,] . . . [Pettit] was trying to kick [him] and [they] started tussling."

As claimant attempted "to get up [he] felt the truck roll over [his] foot," resulting in the subject injury.

In awarding the disputed benefits to claimant, the commission found that:

> the need to occupy part of two lanes to negotiate a turn in a tractor trailer and the difficulty in seeing a small object such as a motorcycle on the right side are all risks peculiar to the claimant's employment as a truck driver.
> We also agree that the altercation was business related. It is clear Mr. Pettit was angry because he was almost run over by a truck of which the claimant was the driver. There is no evidence that Pettit and the claimant knew each other or that the incident arose from anything other than a potential collision between a motorcycle and the tractor trailer that the claimant was driving for his employer.

The commission also concluded "that the claimant was not the aggressor and therefore not precluded from receiving compensation benefits . . . . Mr. Pettit precipitated the events that culminated in the actual injury by stopping and approaching the claimant in a very angry manner."

## I.

"To qualify for workers' compensation benefits, an employee's injuries must result from an event 'rising out of' and 'in the course of' the employment." Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991); see Code § 65.2-101. Employer does not dispute that claimant suffered an injury by accident occurring "in the course of" employment, but asserts that claimant failed to prove that such injury "arose out

of" employment. It is well established that "[w]hether an accident arises out of employment is a mixed question of law and fact and is . . . reviewable upon appeal." Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 307, 391 S.E.2d 609, 611 (1990) (citation omitted).

In determining if an accident arises out of the employment, Virginia applies the "actual risk" test, which "requires that the employment subject the employee to the particular danger that brought about his or her injury." Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 106 (1994) (citations omitted); see, e.g., Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379 (1989); Park Oil Co., Inc. v. Parham, 1 Va. App. 166, 169, 336 S.E.2d 531, 533 (1985). "Consequently, an accident arises out of the employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury." Lipsey, 248 Va. at 61, 445 S.E.2d at 107 (citations omitted); see, e.g., R & T Investments, Ltd. v. Johns, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984); Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 434, 437 S.E.2d 727, 729 (1993).

Accordingly, to be entitled to an award arising from an assault, a claimant must establish "that the assault was directed against him as an employee, or because of his employment." Continental Life Ins. Co. v. Gough, 161 Va. 755, 760, 172 S.E. 264, 266 (1934) (citations omitted); see Reamer v. Nat'l Serv.

- 4 -

<u>Indus.</u>, 237 Va. 466, 470, 377 S.E.2d 627, 629 (1989); <u>Park Oil Co.</u>, 1 Va. App. at 170, 336 S.E.2d at 533-34. "'[A] showing that the probability of assault was augmented . . . because of the peculiar character of the claimant's job'" supplies the requisite causal connection. <u>R & T Investments, Ltd.</u>, 228 Va. at 253, 321 S.E.2d at 289 (citation omitted); <u>Roberson v. Whetsell</u>, 21 Va. App. 268, 271, 463 S.E.2d 681, 683 (1995) (citation omitted); <u>see</u> <u>Reamer</u>, 237 Va. at 470, 377 S.E.2d at 629 ("A physical assault may constitute an 'accident' . . . when it appears that it was a result of an actual risk arising out of employment.").

Here, Pettit's furious attack on claimant was triggered by claimant's "need to occupy part of two lanes to negotiate a turn in a tractor trailer and the difficulty in seeing a small object such as a motorcycle on the right side," impersonal circumstances directly attributable to the duties of his employment and clearly satisfying the "arising out of" prong of compensability. Employer's reliance on <u>Hill City</u> and <u>Metcalf v. A.M. Exp. Moving Systems, Inc.</u>, 230 Va. 464, 339 S.E.2d 177 (1986), is misplaced. In contrast to the instant circumstances, claimants in both <u>Hill City</u> and <u>Metcalf</u> failed to establish the requisite nexus between the risks of employment and the assaults there in issue.

## II.

Employer next contends that claimant is barred from recovery because his seat belt was unfastened at the time of the injury in violation of employer's safety rules. Code § 65.2-306 provides, in relevant part:

A. No compensation shall be awarded . . .
for an injury . . . caused by:

\* \* \* \* \* \* \*

(5) The employee's willful breach of any
reasonable rule or regulation adopted by the
employer and brought, prior to the accident,
to the knowledge of the employee;

\* \* \* \* \* \* \*

B. The person or entity asserting any of the
defenses in this section shall have the
burden of proof with respect thereto.

"As specified in Code § 65.2-306(B), employer ha[s] the burden to prove that claimant's conduct, <u>which caused his injury</u>, was in 'willful' disregard of a reasonable rule established by employer . . . ." <u>Brockway v. Easter</u>, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995) (emphasis added).

Whether the rule is reasonable and applies to
the situation from which the injury results,
and whether the claimant knowingly violated
it, is a mixed question of law and fact to be
decided by the commission and reviewable by
this Court. But the questions of whether an
employee is guilty of willful misconduct and
whether such misconduct is a proximate cause
of the employee's accident are issues of
fact.

<u>Brockway</u>, 20 Va. App. at 271-72, 456 S.E.2d at 161 (citation omitted). Upon review of the record, the commission found that claimant willfully violated employer's safety rule, but, nevertheless, allowed recovery because employer failed to prove that the violation caused claimant's injury. We agree.

As the commission noted, "seat belts are designed to lessen or avoid injuries that occur during the operation of a motor

vehicle."  Claimant's injuries arose from a deliberate attack on his person which occurred "after [he] was out of the truck's cab," circumstances totally unrelated to those safety considerations which underpinned employer's seat belt rule.

Accordingly, the commission correctly found that claimant's injury arose from his employment and the attendant award was not barred by willful misconduct.

<u>Affirmed.</u>