COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Lemons


WILLARD Y. JEFFRIES

                                    MEMORANDUM OPINION*
v.         Record No. 0707-99-2          PER CURIAM
                                      AUGUST 10, 1999
RICHFOOD HOLDINGS, INC.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Keith N. Hurley; Cawthorn, Picard & Rowe,
              on brief), for appellant.

              (R. Ferrell Newman; Thompson, Smithers,
              Newman, Wade & Childress, on brief), for
              appellee.


     Willard Y. Jeffries (claimant) appeals from a ruling of the

Workers' Compensation Commission (commission) denying his claim

for benefits on the ground that his injuries did not arise from

an actual risk of employment.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     On appeal, we review the evidence in the light most

favorable to the prevailing party below.  See R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  Unless we can say as a matter of law that claimant's

---

     * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010
this opinion is not designated for publication.

evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

So viewed, the evidence proved that claimant worked as an over-the-road truck driver for Richfood.  On January 5, 1998, claimant drove his tractor trailer to the loading area behind a Rack and Sack grocery store in Chesterfield County, Virginia, to make a delivery.  Claimant kicked on a door to get the store employees' attention, and he heard someone tell him to wait while they got a key for the door.  Claimant testified that he heard a voice from inside the building and heard some keys jingling, and the next thing he remembered was waking up in the hospital.

When claimant woke up, he realized that his watch and wallet were missing.  The incident was treated as a robbery and investigated by the police.  Claimant testified that the area where the assault occurred was lit by two dome lights, and the store was located in a "nice neighborhood."  Claimant never saw the person who assaulted him.  He testified that he did not carry company money with him when he traveled, and he could not say whether anything was stolen from his truck.

In his five previous deliveries at this store, claimant had never seen any activity in the loading area that gave him reason to be concerned for his safety.  The loading area behind the

store was not one generally traversed by the public, although Detective David Zeheb testified that he would sometimes encounter people there drinking beer.

"'To qualify for workers' compensation benefits, an employee's injuries must result from an event "[a]rising out of" and "in the course of" the employment.'  It is well established that '[w]hether an accident arises out of employment is a mixed question of law and fact and is . . . reviewable upon appeal.'" Smithfield Packing Co., Inc. v. Carlton, 29 Va. App. 176, 180, 510 S.E.2d 740, 742 (1999) (citations omitted).

"In determining if an accident arises out of the employment, Virginia applies the 'actual risk' test, which 'requires that the employment subject the employee to the particular danger that brought about his or her injury.'" Id. at 181, 510 S.E.2d at 742 (quoting Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 106 (1994) (citations omitted)).  "An accident arises out of the employment if a causal connection is established between the employee's injury and the conditions under which the employer required the work to be performed.  The causative danger must be peculiar to the work and not common to the neighborhood." Roberson v. Whetsell, 21 Va. App. 268, 271, 463 S.E.2d 681, 682 (1995).  "Moreover, the claimant has the burden of proving by a preponderance of the evidence that the injury was an actual risk of the employment." Hill City Trucking v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379

(1989) (holding that a truck driver's injuries sustained during a robbery did not arise out of his employment as an over-the-road truck driver where there was no evidence establishing a nexus between the criminal act and his employment).

"[T]o be entitled to an award arising from an assault, a claimant must establish 'that the assault was directed against him as an employee or because of his employment.'"  Smithfield Packing, 29 Va. App. at 181, 510 S.E.2d at 742 (citation omitted).

> "The requisite nexus in an assault case is supplied if there is 'a showing that the probability of assault was augmented either because of the peculiar character of the claimant's job or because of the special liability to assault associated with the environment in which he must work.'"  Jobs often held to pose a special risk of assault are those that involve working in or traveling through dangerous areas.

Roberson, 21 Va. App. at 271, 463 S.E.2d at 683 (citation and footnote omitted).

Claimant presented no evidence tending to prove that he was targeted because of his employment as a truck driver with Richfood.  There was no evidence that claimant's assailant took any merchandise from claimant's truck, or even attempted to enter the truck.  Nor was there any evidence presented regarding any previous assaults or criminal acts occurring behind this store.  The fact that the assault took place behind the store,

where the general public generally did not go, is insufficient, standing alone, to establish that claimant's employment resulted in a heightened risk of exposure to criminal activity. Accordingly, we cannot say as a matter of law that claimant's evidence proved that his injuries arose out of his employment as a Richfood truck driver.

Affirmed.
