COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Lemons and
          Senior Judge Duff
Argued at Alexandria, Virginia


PRINCE WILLIAM COUNTY SCHOOL BOARD

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1866-98-4           JUDGE CHARLES H. DUFF
                                        AUGUST 31, 1999
SHARON E. FOGARTY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Thomas C. Palmer, Jr. (Brault, Palmer, Grove,
              Zimmerman, White & Mims, on briefs), for
              appellant.

              Sharon E. Fogarty, pro se.


     Prince William County School Board (employer) appeals a

decision of the Workers' Compensation Commission (commission)

awarding benefits to Sharon E. Fogarty (claimant).  Employer

contends the commission erred in finding that claimant proved she

sustained an injury by accident arising out of her employment on

September 27, 1995.[1]  Finding no reversible error, we affirm the

commission's decision.

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] This was the only issue before the commission when it
rendered its decision.  Therefore, we decline to address any
additional issues presented by claimant in her brief on appeal.

We review the evidence in the light most favorable to claimant as the prevailing party. When so viewed, the record establishes the following:

On September 27, 1995, claimant worked for employer as an assistant principal at Bennett Elementary School. On that date, she and Graham Spencer, the school's principal and her supervisor, were standing outside the school in the parking lot supervising the children as they boarded the school buses to go home. Claimant described part of her assistant principal duties as doing whatever the principal directed her to do.

Spencer's daughter drove into the parking lot and parked her car. She had Barney, a Norwegian Elkhound and the Spencers' family pet, in the car with her. She planned to take Barney to the veterinarian and had stopped at the school to pick up a check from her father.

Claimant testified that Spencer's daughter walked over to where she and Spencer were located. Claimant saw Spencer and his daughter talking. At that point, Spencer directed claimant to go over to the car and "meet the dog." Claimant testified that she declined twice but Spencer continued to insist that she go and see the dog. Claimant then followed Spencer's daughter to the car, where she began petting the dog and talking to Spencer's daughter. At that point, the dog, who had his head out of the car window, bit claimant's nose. On the way to the hospital, Spencer lamented to claimant, "Why did I make you go over there?"

The commission, in affirming the deputy commissioner, accepted claimant's testimony and found that she "twice declined Spencer's request that she meet Barney, but finally acquiesced to the request of her supervisor when he directed her to do so a third time." The commission found that "[h]er contact with the dog, although not a part of her regular work duties, was in direct response to a demand of her supervisor." Thus, the commission concluded that claimant's evidence proved that her "injury resulted from an actual risk of her employment."

"The commission's decision that an accident arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

In Arrington v. Murray, 182 Va. 1, 28 S.E.2d 19 (1943), the Supreme Court held that an injury arises out of the employment when the employee is performing work directed by one of the business partners, even if the work was not in the trade, business, or occupation of the employer but was personal to the partner and performed at his residence. See id. at 5, 28 S.E.2d at 20-21. The Supreme Court agreed with the commission that it would be inequitable to allow an employer to direct an employee to perform work and then deny that the employee was protected by the Virginia Workers' Compensation Act. See id. at 5, 28 S.E.2d at 21. Where the employee is injured while performing an activity that the employer has instructed him or her to do, that work

3

constitutes part of an employee's employment responsibilities and required work, even though different from his or her usual and regular tasks performed in the employer's business.  See Honaker & Feeney v. Hartley, 140 Va. 1, 13, 124 S.E. 220, 223 (1924).

As one authority has noted, activity that is not an integral or normal part of the job becomes such where the employer's request clearly conveys the understanding that the employee was to take part in the activity.  See 2 Arthur Larson, Larson's Workers' Compensation Law § 22.04(2) (1999).  Claimant's unrebutted testimony was that among her job duties was to do whatever Spencer directed her to do.  This testimony, coupled with the three "directions" by Spencer that she meet the dog, provides credible evidence in support of the commission's decision that the accident arose out of claimant's employment.

Employer's reliance on Lipsey v. Case, 248 Va. 59, 445 S.E.2d 105 (1994), is misplaced.  In that case, Lipsey was a "working student."  In exchange for performing duties on the farm, she received instruction on farm operation, riding lessons, and room and board.  She shared living facilities with two other working students.  A dog belonging to one of these students bit Lipsey on her face during a lunch break at the house.  The Court held that while the injury occurred in the course of the employment it did not arise out of the employment.  The Court found no causal connection between Lipsey's required work and her injury.  See id. at 61-62, 445 S.E.2d at 107.  Further, Lipsey did not allege that

4

the employer required her to have physical contact with the dog. Although the dog lived in the house and freely roamed the farm, the employer did not direct Lipsey to "meet" the dog as claimant was repeatedly instructed to do by Spencer.

The record supports the commission's finding that claimant was instructed by her supervisor to go see his dog, Barney, and that her contact with the dog, while not a part of her regular work duties, was in direct response to this instruction by the supervisor. With her duties being what the principal directed her to do, she clearly felt obligated to comply.[2] Thus, claimant's injury resulted from an actual risk of her employment.

Accordingly, the commission's opinion is affirmed.

Affirmed.

---

[2] We do not imply that a request of an employee to commit a crime or an act that would manifestly result in serious personal injury would have to be followed. Each case is fact specific, and we find sufficient credible evidence, on the facts in the record, to support the commission's opinion.