COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


PERRY LEE JONES

MEMORANDUM OPINION[*] BY
v.    Record No. 2796-01-3          JUDGE ROSEMARIE ANNUNZIATA
                                        SEPTEMBER 24, 2002
MAYS ELECTRIC COMPANY, INC. AND
 UNITED CONTRACTORS OF VIRGINIA
 GROUP SELF-INSURANCE ASSOCIATION


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Philip B. Baker (Sanzone & Baker, P.C., on
             brief), for appellant.

             Richard D. Lucas (Lucas Law Firm, on brief),
             for appellees.


     Perry Lee Jones appeals the decision of the Workers'

Compensation Commission denying him benefits for injuries

sustained on May 22, 2000. He contends that the commission erred

in finding he failed to prove his injury by accident occurred in

the course of his employment. For the reasons that follow, we

affirm.

                            Background

     On appeal, we view the evidence in the light most favorable

to Mays Electric Company, Inc., the party prevailing before the

commission, together with all reasonable inferences that may be

────────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

drawn.  See Great Eastern Resort Corp. v. Gordon, 31 Va. App. 608, 610, 525 S.E.2d 55, 56 (2000).  In March 2000, Perry Lee Jones was promoted to electrical foreman for Mays Electric Company, Inc. ("Mays Electric") on its Cracker Barrel job site. On May 22, 2000, after working his eight-hour shift at the site that day, Jones returned at approximately 9:00 p.m. to temporarily connect, or "temp," the outside lights and electrical fans to a power source.

After he finished "temping" the lights and fans, Jones noticed a wire hanging too close to a fan.  While Jones used a ladder to reach the wire, the ladder "skipped" and he fell on his side.  Jones fractured his femur and hip.  He returned to work on June 11, 2000 and resumed his position as foreman of the Cracker Barrel job.

Company work rules provided that the workday began at 7:00 a.m. and ended at 3:30 p.m., unless otherwise authorized. Any overtime work required authorization.  No Mays Electric employee had authorized Jones to work on the evening of May 22, 2000. Jones believed there was some flexibility in his schedule because his position as foreman required him to "run the job in a timely and orderly fashion [and] oversee the project basically." According to Vince Mays, the owner, "everybody's expected to leave at [3:30] and report the next day."  Mays further stated he did not know Jones planned to return to work on the night of the accident and he did not authorize Jones' overtime, which is "always approved [by him]."  Mays testified, and Jones conceded, that he could have completed the task at the end of his shift.

Mays stressed to his employees that they never work alone

because "if you do get hurt, there's nobody there to help you." Specifically, he told Jones, "doing electrical work, [you] could have been working on something and got shocked, etcetera, and laid there and died." Jones admitted he should not have worked alone at the site.

On this evidence, the deputy commissioner found that Jones failed to prove by a preponderance of the evidence that his injuries arose out of and in the course of his employment. The full commission agreed and affirmed the decision of the deputy commissioner.

## Analysis

"To qualify for workers' compensation benefits, an employee's injuries must result from an event 'arising out of' and 'in the course of' the employment." Smithfield Packing Co., Inc. v. Carlton, 29 Va. App. 176, 180, 510 S.E.2d 740, 742 (1999) (quoting Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991)). "Whether an injury arises out of and in the course of employment involves a mixed question of law and fact, which we review de novo on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).

However, the findings of fact made by the commission are binding upon us when supported by credible evidence. See Ablola v. Holland Rd. Auto Center, Ltd., 11 Va. App. 181, 183, 397 S.E.2d 541, 542 (1990).

"[A]n accident arises out of . . . employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury." Smithfield Packing, 29 Va. App. at 181, 510 S.E.2d at 742. An injury "occurs in the 'course of employment' when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972) (citations omitted).

The commission found as follows:

> [T]he claimant was not in a place where he was reasonably expected to be when he was injured. The claimant's work hours were 7:00 a.m. to 3:30 p.m. No unauthorized overtime was allowed, and no one was allowed to be at the worksite [sic] alone. [Jones'] injury occurred at 9:30 at night. The employer had no reason to expect the claimant to go to the worksite [sic] to "temp" the electrical fixtures at that hour . . . . We therefore find that the injury did not occur during the course of the employment.

Credible evidence supports the commission's conclusion that Mays Electric could not reasonably expect Jones to be at the work

site four hours after his shift ended. The workday at Mays Electric is from 7:00 a.m. to 3:30 p.m. The work rules for Mays Electric's employees clearly state that overtime is not permitted without specific authorization and overtime generally occurs only when the employees are behind on a project. In this case, no one authorized Jones' return to the work site after hours, and the job was on schedule. Additionally, Vince Mays noted that Jones could have "temped" the lights and fan at the end of his shift, during daylight with others present at the site. Nothing required him to return to a deserted work site at night to complete the task. Moreover, Vince Mays always stressed to his employees that they not work alone, and Jones admitted he should not have been on the site by himself. Therefore, Mays Electric could not reasonably expect for Jones to have been on the work site "temping" the lights and fans on the evening he incurred his injuries.

Affirmed.