COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


THE LAKEHOUSE RESTAURANT/ZAK, INC. AND
 AUTO-OWNERS INSURANCE COMPANY
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1237-03-3              JUDGE RUDOLPH BUMGARDNER, III
                                                   DECEMBER 2, 2003
MADONNA ANN TILLER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            E. Albion Armfield (John C. Johnson; Frith Anderson & Peake, on
            brief), for appellants.

            No brief or argument for appellee.


        Lakehouse Restaurant/ZAK, Inc. and Auto-Owners Insurance Company appeal the

Workers' Compensation Commission's award of benefits to Madonna Ann Tiller.  It contends

the commission erred in finding that her injury arose out of the employment and that her

disability was caused by the injury.  Finding no error, we affirm.

        The commission's decision that an accident arises out of the employment is a mixed

question of law and fact reviewable on appeal.  Blaustein v. Mitre Corp., 36 Va. App. 344, 348,

550 S.E.2d 336, 338 (2001).  The forty-six-year-old worker was employed as a cook in the

employer's restaurant.  As the worker was going around a corner, she slipped on a wet floor and

fell, injuring her right shoulder.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 27, 2000, the worker stated she fell "after closing because the floor had just been mopped." As she left the kitchen area to clock out, she fell on the recently mopped floor. Additionally, the ceramic tiled floor had been re-waxed and was "really slick when wet."

In her deposition of January 15, 2001, the worker reiterated that she fell when she came around the corner. She confirmed that another employee had mopped the floor, but believed that the area where she fell may have been "dry at that point." She added that the floor might have been damp, but not soaking wet. She was not certain what the substance on the floor was, and suggested it might have even been grease from the mop used in the kitchen.

The worker filed a claim for benefits on April 23, 2001. The deputy commissioner denied benefits on the ground that she failed to establish the injury arose out of the employment because she could not explain why she fell. The commission reversed that determination, with one commissioner dissenting. On remand, the deputy commissioner found the worker's disability was causally related to her May 2, 2000 fall and awarded compensation. The full commission affirmed, with one commissioner dissenting because the worker failed to prove the injury arose out of the employment. The employer appeals.

"In Virginia, we employ the 'actual risk' test to determine whether an injury 'arises out of' the employment." Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379 (1989). "Consequently, an accident arises out of the employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury." Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 107 (1994).

While the worker was unable to state with certainty what caused her fall, she consistently claimed that something on the floor caused her feet to slip out from underneath her when she turned the corner. The floor had recently been refinished and had just been mopped. Something

was on the floor, either water or grease. Nothing contradicts this evidence and from the evidence it is a reasonable inference that something on the floor caused the worker to fall. The Workers' Compensation Act does not require her to identify the substance, and her honest claim that she did not know what the substance was does not disprove the existence of something on the floor.

The employer also contends the worker failed to prove her disability was causally related to her injury. "The commission's determination regarding causation is a finding of fact and is binding on appeal when supported by credible evidence." Marcus v. Arlington County Bd. of Supervisors, 15 Va. App. 544, 551, 425 S.E.2d 525, 530 (1993). "The testimony of a claimant may . . . be considered in determining causation, especially where the medical testimony is inconclusive." Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996). Thus, the commission was free to consider both medical evidence and the claimant's testimony in making this determination. She testified that she had no shoulder problems before the fall, and did not further injure that shoulder after the fall date. The medical evidence did not establish that her injuries were caused by the slip and fall in May 2002. However, the history recorded in her medical records from May 2, 2000 and June 15, 2000 are consistent with her testimony and reflect that the injury resulted from the work-related fall.

The worker injured her shoulder when she slipped and fell on a wet floor at work. Finding the evidence supports the commission's decision that her injury arose out of and in the course of her employment and that her disability was caused by that fall, we affirm the commission's decision.

Affirmed.