COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff,[*] Causey and White
Argued at Richmond, Virginia


HOT-ROCK HAULERS, LLC, d/b/a
  AJ TRANSPORT, ET AL.

                                                    MEMORANDUM OPINION[**] BY
v.       Record No. 2022-23-2                  JUDGE DORIS HENDERSON CAUSEY
                                                         MARCH 4, 2025
CRAIG KEGLEY


                 FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            John S. Stacy, II (C. Stephen Setliff; Setliff Law, P.C., on briefs), for
            appellants.

            Christian Kline (Injured Workers Law Firm, on brief), for appellee.


        In an appeal from the Workers' Compensation Commission ("WCC"), Hot-Rock Haulers

LLC, doing business as AJ Transport, contests the Commission's ruling that injuries sustained by

appellee Craig Kegley arose from his employment.  On March 22, 2022, Kegley, a commercial

truck driver employed by Hot-Rock Haulers, while hauling a load for delivery was assaulted in the

course of his employment, sustaining injuries.  Kegley made an initial claim for benefits with the

WCC, which was denied.  The deputy commissioner found that while Kegley's injuries were

sustained during his employment, the attack was personal and not recoverable as a workplace

injury.  Kegley appealed.  The full WCC reversed, finding that Kegley sustained his injuries

*because* of his employment.  On appeal, Hot-Rock alleges the WCC erred, (1) in determining that

the incident and injury complained of arose in the course of Kegley's employment because the

----

[*] Judge Huff participated in the hearing and decision of this case prior to the effective
date of his retirement on December 31, 2024.

[**] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

altercation and resulting injuries were unrelated to Kegley's employment, were personal to Kegley, and cannot be fairly traced back to his employment as a contributing or proximate cause; and (2) in determining that the "arising out of" prong of compensability was satisfied when it determined, contrary to the deputy commissioner's correct application of the law, that the subject incident rose to the level of a "risk peculiar to the claimant's employment as a truck driver" and "impersonal circumstances directly attributable to the duties of his employment." Finding no reversible error, this Court affirms the decision of the WCC.

BACKGROUND

On March 22, 2022, Craig Kegley, while fulfilling his duties as a truck driver for Hot-Rock Haulers, was operating a tractor trailer westbound on Route 58 near Suffolk, Virginia, when he came upon a construction zone, which had momentarily closed the right lane of travel. With the closure of the right lane, Kegley moved to the left lane until the right lane had reopened, at which time, he moved back to the right lane. Further down the road, Kegley moved—again—from the right lane to the left to avoid a cement truck parked in the right lane. As Kegley continued down the highway, a vehicle in the left lane pulled up next to him. This vehicle had men hanging out the side of it, motioning for Kegley to pull his tractor trailer over because, at some point in maneuvering between lanes, Kegley had allegedly hit their vehicle. Kegley testified that the particular load he was hauling made visibility limited. The men in the vehicle continued screaming at Kegley to pull over, eventually pulling in front of Kegley and cutting him off. The men in the car stopped in front of Kegley's truck, forcing him to stop on the highway. After Kegley stopped the truck, he exited the cab to begin assessing the accident and initiate incident protocols, per company policy. Kegley testified that once he was out of his truck, he saw the occupants of the other vehicle exit their car, wielding a pipe. Kegley testified that the driver of the vehicle attempted to hit him, but Kegley walked away from the men, going back in his truck to continue with incident protocol. Kegley

again exited the truck to continue incident protocols, at which time he was attacked and beaten by three assailants from the other vehicle and left on the side of the highway. Kegley testified that he believed these people attacked him because they thought he had hit their car.

Officer Childs of the Suffolk Police Department responded to the scene following the assault. Childs testified in his report that Kegley was in shock and very disoriented, had blood on his clothing, and was going in and out of consciousness. Kegley was transported to Norfolk General Hospital for treatment. Officer Childs also noted in his report that, prior to his encounter with Kegley, "911 dispatch had received a call from a male citizen who refused to cooperate with dispatch stating that their vehicle was just struck by another vehicle matching the vehicle of Kegley's truck and they were following the vehicle." Kegley subsequently filed a workers' compensation claim, stemming from this incident and his injuries.

During his initial hearing with a deputy commissioner, Kegley testified that he was assaulted by three men who claimed that he struck their vehicle with the tractor trailer he was driving. Even finding Kegley credible, the deputy commissioner ruled for Hot-Rock, concluding that, "the proven facts [we]re insufficient to establish a compensable accident." Finding for Hot-Rock, the deputy commissioner reasoned, "[t]he evidence demonstrate[d] that Kegley's assailants attacked him because of his operation of a motor vehicle that was associated with his employment . . . there [wa]s no evidence that the assailants attacked Kegley because of his employment." Essentially, the commissioner found that Kegley was the victim of a road rage incident, that the attack he suffered was too far removed from the scope of his employment, and that the attack was personal rather than having any nexus with Hot-Rock. Kegley appealed this decision to the full Commission where it was reversed and remanded, with the full Commission finding that the attack was not personal, but rather directed at Kegley because of his employment. Upon remand and another appeal to the full Commission, a final order was entered in Kegley's favor. This appeal follows.

ANALYSIS

A workers' compensation injury is defined in Code § 65.2-101 as, "only injury by accident arising out of and in the course of the employment." "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." *Plumb Rite Plumbing Service v. Barbour*, 8 Va. App. 482, 483 (1989) (quoting *Park Oil v. Parham*, 1 Va. App. 166, 168 (1985)).

"The Commission's findings of fact 'are conclusive and binding on appeal' provided that there is credible evidence to support those findings." *City of Charlottesville v. Sclafani*, 300 Va. 212, 222-23 (2021) (first quoting *Carrington v. Aquatic Co.*, 297 Va. 520, 522 (2019); and then citing *Virginia Elec. & Power Co. v. Kremposky*, 227 Va. 265, 269 (1984)). "[B]ut when there is 'no conflict in the evidence, the question of the sufficiency thereof is one of law,' and the same is true when there is no credible evidence to support the Commission's factual findings." *Kremposky*, 227 Va. at 269 (first quoting *City of Norfolk v. Bennett*, 205 Va. 877, 880 (1965); and then citing *Conner v. Bragg*, 203 Va. 204, 207 (1962)).

"[W]e review the Commission's determinations of law de novo." *Medical Mgmt. Int'l & Travelers Indem. Co. of Am. v. Jeffry*, 75 Va. App. 679, 684 (2022) (citing *Roske v. Culbertson Co.*, 62 Va. App. 512, 517 (2013)). "The [C]ommission's construction of the [Workers' Compensation] Act is entitled to great weight on appeal." *Id.* (alterations in original) (quoting *Wiggins v. Fairfax Park Ltd. P'ship*, 22 Va. App. 432, 441 (1996)). "Yet we are 'not bound by the [C]ommission's legal analysis in this or prior cases.'" *Id.* at 685 (alteration in original) (quoting *Peacock v. Browning Ferris, Inc.*, 38 Va. App. 241, 248 (2002)).

In determining if a workplace injury arises out of employment, Virginia follows the "actual risk" test, requiring that "the employment subject the employee to the particular danger that brought about his or her injury." *Lipsey v. Case*, 248 Va. 59, 61 (1994); *see, e.g.*, *Hill City*

*Trucking, Inc. v. Christian*, 238 Va. 735, 739 (1989); *Park Oil Co.*, 1 Va. App. at 169. "Consequently, an accident arises out of the employment when it is apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed and the resulting injury." *Lipsey*, 248 Va. at 61; *see, e.g.*, *R & T Investments, Ltd. v. Johns*, 228 Va. 249, 252 (1984); *Marketing Profiles, Inc. v. Hill*, 17 Va. App. 431, 434 (1993).

On appeal, Hot-Rock argues that the original commissioner was correct in their initial finding that the injuries sustained by Kegley did not arise out of his employment but were caused by a personal altercation between Kegley and his attackers. Citing to *Carr v. City of Norfolk*, 15 Va. App. 266, 269 (1992), and *Richmond Newspapers, Inc. v. Hazelwood*, 249 Va. 369, 373 (1995), Hot-Rock also argues that if an attack is motivated purely by personal reasons, then an employee cannot recover from resulting injuries by the Workers' Compensation Act. To support this argument, Hot-Rock distinguishes the present case from that which the Commission chiefly relied on in their finding for Kegley—*Smithfield Packing Co. v. Carlton*, 29 Va. App. 176 (1999).

In *Carlton*, claimant was a tractor trailer operator who was injured by a motorcyclist who was aggrieved by supposedly negligent conduct of the driver. The driver of the tractor trailer was forced off the roadway by the motorcyclist, and upon exiting the tractor trailer to inspect the accident—according to company protocol—the motorcyclist assaulted and injured the driver. 29 Va. App. at 179-80. The Commission awarded benefits to the driver as a result of his injuries, finding that the accident arose from his employment and that the claim was not barred by willful misconduct. *Id.* at 180. This Court held that the motorcyclist's injurious attack was triggered by the claimant's driving, which resulted from impersonal circumstances directly attributable to his employment duties, thus satisfying the "arising out of" prong of compensability. *Id.* at 181-82.

Here, Hot-Rock argues the case at bar is distinguishable from *Carlton* because, (1) the nature of the accident could have happened to anyone on the road, not necessarily a truck driver; (2) Kegley struck the assailants' vehicle whereas in *Carlton*, the assailant's motorcycle was only nearly struck, thus making the confrontation here more personal and serious; and (3) Carlton was seeking benefits for injuries caused by equipment (truck rolling over his foot), where Kegley seeks benefits for injuries caused by his assailants. We disagree and affirm the decision of the WCC.

Here, the Commission correctly ruled that *Carlton* is controlling in the case at bar. Factual findings by the Virginia Workers' Compensation Commission which are supported by credible evidence are conclusive and binding upon the Court of Appeals. *See, e.g.*, *Southern Iron Works, Inc. v. Wallace*, 16 Va. App. 131, 134 (1993). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." *Morris v. Badger Powhatan/Figgie Int'l, Inc.*, 3 Va. App. 276, 279 (1986). Not only was the attack on Kegley related to his employment because it was through his employment that he was ever interacting with Hot-Rock, but also because the assault occurred (1) while driving the tractor trailer within the scope of employment, (2) while he was completing an incident report as required within the scope of his employment, and (3) because the assailants believed that Kegley, as an employee of Hot-Rock, hit their vehicle.

In *Carlton*, the attack was triggered by the claimant's driving of the tractor trailer, which was characterized by the court as "impersonal circumstances directly attributable to the duties of his employment and clearly satisfying the 'arising out of' prong of compensability." 29 Va. App. at 181-82. Similarly, here, the attack was triggered by the claimant's driving of the tractor trailer in accordance with his employment with Hot-Rock. Kegley testified that he wasn't

even sure if he had hit the assailants' vehicle because the nature of the load he was carrying in the tractor trailer made visibility difficult. Kegley's job is to drive the truck and move the goods required by his employer, and in Virginia, "[a]n accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." *R & T Investments, Ltd.*, 228 Va. at 252. To successfully recover for an assault a claimant must show "that the assault was directed against him as an employee, or because of his employment." *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 760 (1934); *see Reamer v. Nat'l Serv. Indus.*, 237 Va. 466, 470 (1989); *Park Oil Co.*, 1 Va. App. at 170. "[A] showing that the probability of assault was augmented . . . because of the peculiar character of the claimant's job" supplies the requisite causal connection. *R & T Investments, Ltd.*, 228 Va. at 253 (citation omitted); *Roberson v. Whetsell*, 21 Va. App. 268, 271 (1995); *see Reamer*, 237 Va. at 470 ("A physical assault may constitute an 'accident' . . . when it appears that it was a result of an actual risk arising out of employment."). Thus, the nature of the accident that caused the assault was a circumstance born of Kegley's employment, and the anger directed at Kegley as he was beaten by the assailants was anger about the Hot-Rock tractor trailer hitting their vehicle, not Kegley in any personal capacity.

In *Carlton*, the assailant was angry because he was almost run over by the truck the claimant was driving, but there was no evidence that the assailant or claimant knew each other, and additionally that the claimant was not the aggressor. 29 Va. App. at 180. Here, the assailants were clearly upset about the truck hitting their vehicle—not Kegley in any personal capacity—as evidenced by their 911 call where they reported that they had been hit by the tractor trailer. There was no evidence in the record to indicate that Kegley or the assailants knew each other, and thus nothing to suggest that the beating and incident rose from anything other than the incident arising out of Kegley's employment with Hot-Rock.

From the record, there is "apparent to a rational mind, under all attending circumstances, that a causal connection exists between the conditions under which the work is required to be performed [Kegley's operation of his tractor trailer] and the resulting injury [Kegley being beaten by the men who were involved in the motor vehicle accident]." *Lipsey*, 248 Va. at 61.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Workers' Compensation Commission.

*Affirmed*.