COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Frank and Humphreys
Argued at Richmond, Virginia


SOUTHSIDE VIRGINIA TRAINING CENTER/
 COMMONWEALTH OF VIRGINIA
                                            OPINION BY
v.    Record No. 0659-00-2         JUDGE ROBERT J. HUMPHREYS
                                         NOVEMBER 21, 2000
FREDERICK W. ELLIS


      FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Scott John Fitzgerald, Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Judith Williams Jagdmann, Deputy Attorney
            General; Gregory E. Lucyk, Senior Assistant
            Attorney General, on brief) for appellant.

            No brief or argument for appellee.


      Southside Virginia Training Center contends the Workers'

Compensation Commission erred when it ruled that Frederick W.

Ellis sustained a compensable injury arising out of his

employment on May 26, 1998.  For the reasons that follow, we

reverse the commission's award of benefits.

                    I.  Background

      Ellis worked as a truck driver at Southside Virginia

Training Center from April 9, 1986 through 1999.  Ellis'

position as a truck driver required him to travel to various

buildings on the campus and take carts filled with empty food

trays to a central location.  On occasion, when the people using

the food trays had failed to place the empty tray on the cart,

Ellis and other employees in his job position took the empty trays from the dining tables and put them on the top of the cart or in one of the lower slots if the top of the cart was full.

On April 5, 1997, Ellis sustained a back injury when he bent to lift one of the empty trays from a cart to a nearby cabinet. This injury was found to be compensable. Ellis was taken off work for a brief period of time and then returned to work on light duty. For his light duty assignment, Ellis was given a desk job which required him to maintain records of food inventory in the storeroom.

By May 1998, Ellis was returned to full duty work. On May 26, 1998, he walked into one of the campus buildings with a fellow employee to get the cart of empty trays. However, he noticed that one empty tray was left on one of the dining tables. Ellis went to the table and lifted the tray, which held an empty bowl and plate and weighed approximately ten pounds or less. He then twisted to his side and bent from the waist to place the tray in the cart. Because the top of the cart was full, he had to bend to a point approximately twelve inches above floor level to slide the tray into an empty slot. As Ellis stood up, his back went out. The employee who was with him came to his aid and helped him get medical attention.

Ellis' claim for workers' compensation benefits was initially denied. A hearing was subsequently held before the

commission on May 20, 1999. Ellis sought medical benefits for the May 26, 1998 injury, which he claimed was work-related. The Commonwealth argued that the injury was not caused by an "accident arising out of employment as there was no risk of employment involved."[1]

During the hearing, the commission considered testimony from Ellis and the employee who witnessed the incident, as well as various reports from Ellis' treating physicians. The commission found that, based on our decision in Brown v. Caporaletti, 12 Va. App. 242, 402 S.E.2d 709 (1991), the injury was compensable because the activity of bending, prior to straightening, created a risk of injury resulting from the conditions of the workplace. The full commission affirmed this decision.

## II.  Analysis

> By statutory mandate, "an award of the
> [c]ommission . . . shall be conclusive and
> binding as to all questions of fact."  Code
> § 65.2-706(A).  Thus, we have often
> expressed our standard of review as follows:
>
> "In reviewing the commission's decision, we
> are guided by well-settled principles.
> '[I]t is fundamental that a finding of fact
> made by the [c]ommission is conclusive and
> binding upon this court on review.'  '[T]hat
> contrary evidence may be in the record is of

---

[1] The Attorney General also argued that the injury was a new injury and not a change in condition.  The commission found that the injury was a new injury.  This finding is not before us on appeal.

no consequence if there is credible evidence to support the [c]ommission's findings.'"

"The scope of a judicial review of the fact finding function of a workers' compensation commission [, therefore,] is 'severely limited, partly in deference to the agency's expertise in a specialized field.'"

Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4-5, 526 S.E.2d 267, 268 (2000) (citations omitted).

Here, it is not disputed that Ellis' injury was sustained during the course of his employment. However, "[i]n order to be compensable, . . . the injury 'must also arise out of the employment; the injury must be caused by the conditions of the workplace.' The claimant must 'prove by a preponderance of the evidence that the accident "arose out of and in the course of his employment[.]"'" Vint v. Alleghany Regional Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000) (citations omitted).

Whether an injury arose out of the employment is a mixed question of law and fact properly reviewable by this Court. Norfolk Community Hosp. v. Smith, 33 Va. App. 1, 4, 531 S.E.2d 576, 578 (2000). In making these determinations, "Virginia employs the actual risk test. A claimant's injury arises out of the employment if the manner in which the employer requires the work to be performed is causally related to the resulting injury." Vint, 32 Va. App. at 63-64, 526 S.E.2d at 297. As the commission noted in its opinion "in [Brown,] the employee spent about five minutes in a bent over position [working on a

- 4 -

furnace,] and sustained an injury to his back while straightening up.  The Court held that the injury was compensable [, because] [a]lthough he was merely straightening up at the time of the injury, this was connected to the previous activities of the claimant [laying the 100 pound furnace on its side]."  We found that these activities were "peculiar to his work."  Brown, 12 Va. App. at 245, 420 S.E.2d at 711.  However, we have specifically held that "[a]n injury does not arise out of the employment when it 'cannot fairly be traced to the employment as a contributing proximate cause and . . . comes from a hazard to which the workmen would have been equally exposed apart from the employment.  The causative danger must be peculiar to the work and not common to the neighborhood.'"  Vint, 32 Va. App. at 63-64, 526 S.E.2d at 297.

Put another way, an injury is not compensable merely because it occurred during the performance of some employment duty if the act performed by the employee is not a causative hazard of the employment.  Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment.

"On appeal, we view the evidence in the light most favorable to the claimant, who prevailed before the commission."  Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted).  Here, the testimony of

- 5 -

Ellis and his fellow employee established that Ellis was injured after bending to pick up the tray. The action of bending was neither unusual, awkward, nor something that Ellis was required to do on a repetitive basis. Grove v. Allied Signal, Inc., 15 Va. App. 17, 21-22, 421 S.E.2d 32, 34-35 (1992); see also Vint, 32 Va. App. at 65-66, 526 S.E.2d at 297-98. In such cases, we have held that "[a]n injury resulting from merely bending over to do something does not arise out of the employment . . . [because] merely bending over is a risk to which the general public is equally exposed." Vint, 32 Va. App. at 65-66, 526 S.E.2d at 297-98.[2]

Our Supreme Court has noted that in an appropriate case, "[i]t is generally held . . . that the words 'arising out of and in the course of employment' should receive a liberal construction in order to carry out the humane and beneficent purposes of the act." Bradshaw v. Aronovitch, 170 Va. 329, 336, 196 S.E. 684, 686 (1938). However, we have recognized that these words "cannot be liberalized by judicial interpretation for the purpose of allowing compensation on every claim

---

[2] We also note that the record established Ellis' duties as a truck driver required him to drive trucks to various locations and gather carts already filled with the empty trays. Although there was testimony that Ellis and his fellow employees would "bus" tables from time to time, the commission made no factual finding that Ellis was required to pick up trays from tables and put them into the carts, nor does the record establish, absent speculation, that this activity was related or incident to Ellis' employment.

asserted."  <u>Vint</u>, 32 Va. App. at 63, 526 S.E.2d at 297 (emphasis added).  "[A] claimant [must] show that the conditions of the workplace or that some significant work related exertion caused the injury."  <u>Plumb Rite Plumbing Service v. Barbour</u>, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).  The record contains no such showing, and the mere happening of an accident at the workplace, not caused by any work-related risk or significant work-related exertion, is not compensable.  <u>Id.</u>

Accordingly, we reverse the commission's decision, vacate the award of benefits and render final judgment for the appellant.

<u>Reversed and final judgment</u>.