COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


JAMES A. CREWS

                                        MEMORANDUM OPINION* BY
v.    Record No. 1381-02-1          JUDGE ROSEMARIE ANNUNZIATA
                                          FEBRUARY 19, 2003
GATEWAY 2000 AND
 SENTRY INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Chanda W. Stepney (Rutter, Walsh, Mills &
            Rutter, L.L.P., on brief), for appellant.

            Adam  S. Rafal (Vandeventer Black L.L.P., on
            brief), for appellees.


     James Crews, claimant, appeals from a decision of the

Workers' Compensation Commission finding that his injury

occurred in the course of his employment but that it did not

arise out of his employment.  For the reasons that follow, we

affirm.

                    Procedural Background

     The claimant filed a claim for benefits with the commission

on November 23, 1999 and December 1, 1999, stating that he

sustained an injury by accident to his lower back and right leg

on April 3, 1998.  Gateway 2000, employer, defended the claim on

the ground that the injury did not arise out of or occur in the

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

course of claimant's employment.  On November 6, 2000, the deputy commissioner issued an opinion denying claimant's application for benefits.  Claimant appealed to the full commission.

On April 27, 2001, the full commission issued an opinion that vacated the deputy commissioner's opinion and remanded for findings of fact and conclusions of law.  The deputy commissioner issued a revised opinion, on September 6, 2001, and found that claimant's injury occurred in the course of his employment, but did not arise out of his employment.  The deputy commissioner therefore denied claimant an award for benefits.  Claimant appealed to the full commission and on April 25, 2002, the commission affirmed the deputy commissioner's decision.  Claimant now appeals the full commission's decision.[1]

### Facts

"On appeal, we view the evidence in the light most favorable to the employer, the party prevailing before the commission."  Great Eastern Resort Corp. v. Gordon, 31 Va. App. 608, 610, 525 S.E.2d 55, 56 (2000).  So viewed, the evidence establishes that claimant began working for employer as a security officer in May 1996.  On April 3, 1998, claimant sustained an injury by accident while participating in a company-sponsored fundraising car wash.  Claimant had a sponge,

---

[1] Employer has not appealed the commission's finding that the injury occurred in the course of claimant's employment.

- 2 -

"someone would bring the car around, and [they] would soap it, wash it off . . . ." Claimant had been washing cars for approximately one hour, when he "bent over" to wash a hubcap and felt pain in his lower back. He had no problems "up to the point when [he] bent over to get the lower quadrant of the car." Claimant had not been working in a bent position for any particular period of time.

Claimant suffered an injury to his lower back. An MRI performed on claimant revealed a herniated disc, and he underwent laminectomy surgery.

## Analysis

"In determining if an accident arises out of the employment, Virginia applies the 'actual risk' test, which 'requires that the employment subject the employee to the particular danger that brought about his or her injury.'" Smithfield Packing Co. v. Carlton, 29 Va. App. 176, 181, 510 S.E.2d 740, 742 (1999) (quoting Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 106 (1994)). The injured employee must "show that the conditions of the workplace or some significant work related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1985). "'The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable.'" Ogden Allied Aviation v. Shuck, 18 Va. App. 756, 758, 446 S.E.2d 898, 899 (1994) (en banc) (quoting

Barbour, 8 Va. App. at 284, 382 S.E.2d at 306). "The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship." United Parcel Service v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985). "An injury is not compensable merely because it occurred during the performance of some employment duty if the act performed by the employee is not a causative hazard of the employment. Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Southside Virginia Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000).

In determining that claimant's injury was not caused by work-related exertion or working in an awkward position, the commission found that claimant's injury resulted from "merely bending over" to wash a hubcap, "without other contributing factors." Findings of fact made by the commission are conclusive and binding upon us, Ellis, 33 Va. App. at 827, 537 S.E.2d at 36 (citing Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4-5, 526 S.E.2d 267, 268 (2000)), and will be upheld on appeal if supported by credible evidence. Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167, 543 S.E.2d 619, 621 (2001) (citing James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989)).

Viewing this evidence in the light most favorable to employer, we find the commission's decision is supported by credible evidence. Claimant stated "I was bending over. . . . That's basically what happened. I bent over." He also stated he had "no problems up to the point where I bent over to get the lower quadrant of that car."

Claimant's contention that he was working in an awkward position when the injury occurred is not supported by the evidence. His testimony on this point was not consistent. Although he testified that he was "locked in a funny position" after he injured himself and that he injured himself when he "twisted" to reach the hubcap, he also made repeated assertions that he was "bending over" when the injury occurred. Specifically, he stated that he "bent over," "that thing popped," and he felt pain after he was "locked into a funny position." "That contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings." Robinson, 32 Va. App. at 4-5, 526 S.E.2d at 268 (internal quotations and citations omitted).

We find credible evidence supports the commission's determination that claimant's injury did not arise from his employment. See, e.g., Barbour, 8 Va. App. at 483-84, 382 S.E.2d at 306 (holding that claimant's injury was not compensable because he was merely "bending over" to pick up a piece of pipe when his injury occurred, and there was no

significant work-related risk or exertion); Ellis, 33 Va. App. at 829, 537 S.E.2d at 37 (holding that claimant's act of bending over to pick up a tray in a cafeteria "was neither unusual, awkward, nor something [he] was required to do on a repetitive basis"); Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63, 526 S.E.2d 295, 297 (2000) (holding that claimant's injury did not arise out of her employment where she was merely bending over to pick up a trash can liner when she felt a sudden pain in her back); compare Shuck, 18 Va. App. at 758, 446 S.E.2d at 899 (finding injury compensable where claimant sustained injury from repeatedly looking up to view fuel gauges, which was "an unusual or awkward position"); Grove v. Allied Signal, Inc., 15 Va. App. 17, 22, 421 S.E.2d 32, 35 (1992) (awarding benefits where injury occurred while claimant worked in an awkward, crouched position, because reaching for a pipe while in the position was a peculiar hazard of his workplace); Brown v. Caporaletti, 12 Va. App. 242, 402 S.E.2d 709 (1991) (finding claimant's injury compensable where it was sustained while trying to stand up after leaning over a furnace for approximately four to five minutes, on the ground that he was not simply bending over in a normal manner).

Accordingly, we affirm the commission's decision.

Affirmed.