COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


CASSANDRA ZONNIECE STONE
                                                    MEMORANDUM OPINION[*]
v.      Record No. 1700-10-3                              PER CURIAM
                                                         MAY 3, 2011
ALLSTATE INSURANCE COMPANY AND
   FIDELITY & GUARANTY INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Cassandra Z. Stone, *pro se*, on brief).  Appellant submitting on
            brief.

            No brief for appellees.


        Cassandra Zonniece Stone (claimant) appeals a decision of the Workers' Compensation

Commission finding she was not entitled to compensation benefits, a cost of living allowance,

and reinstatement of retirement, health, dental, and life insurance benefits.  She also seeks

punitive damages.  For the following reasons, we affirm the commission's decision.

                                        BACKGROUND

        On appeal, we construe the evidence in the light most favorable to Allstate Insurance

Company (employer), the party prevailing below.  R. G. Moore Bldg. Corp. v. Mullins, 10

Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Claimant was a technology support analyst for

employer from April 7, 2007 through May 1, 2008.  She contends she suffered a compensable

injury to her tooth and lower back after she fell into a sitting position on a flight of stairs at work.

        The claimant initially filed a claim for benefits on September 17, 2008, and at that time

she alleged she was injured on March 5, 2008.  On October 24, 2008, a deputy commissioner

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

denied the claim, found the claimant was not a credible witness, determined her injury did not arise out of her employment, and held she had not established medical causation by a preponderance of the evidence. On February 3, 2009, the full commission affirmed the initial denial determination in all respects. Claimant appealed the ruling, but her brief was not timely filed, and this Court summarily affirmed the commission's decision without consideration of the merits. Stone v. Allstate Ins. Co., Record No. 0339-09-3 (Va. Ct. App. May 27, 2009).

On September 28, 2009, claimant filed a second claim for benefits, alleging she sustained a fractured tooth and a severe back injury after she fell on stairs on March 4, 2008, rather than March 5, 2008. Claimant acknowledged the contended accidental injury was the same injury from which she attempted to receive compensation benefits on September 17, 2008, and her new claim for benefits simply alleged a different date of injury.[1] A deputy commissioner concluded claimant was not a credible witness and denied her claim. The full commission also concluded claimant was not a credible witness, and also concluded she failed to establish the stairs were defective or there was a causal connection between the manner in which her work was performed and the resulting injury. The claim was denied. This appeal followed.

ANALYSIS

I. Denial of Benefits

Claimant contends the commission erred in concluding she failed to meet her burden of proof in establishing she sustained compensable injuries on March 4, 2008. She also asserts the commission erred in finding she was not a credible witness. She argues the documentation she provided was summarized incorrectly and not read in its entirety.

---

[1] Because the commission addressed the September 28, 2009 claim on the merits and that claim was properly appealed to this Court, this opinion addresses the merits of that claim without addressing the procedural posture in which it arrived before this Court for review.

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989). "In determining whether an employee's injury arose out of the employment, we apply the 'actual risk test, which requires that the employment subject the employee to the particular danger that brought about his or her injury.'" Nurses 4 You, Inc. v. Ferris, 49 Va. App. 332, 340, 641 S.E.2d 129, 132 (2007) (quoting Smithfield Packing Co. v. Carlton, 29 Va. App. 176, 181, 510 S.E.2d 740, 742 (1999)).

"'A claimant's injury arises out of the employment if the manner in which the employer requires the work to be performed is causally related to the resulting injury.'" Southside Virginia Training Center v. Ellis, 33 Va. App. 824, 828-29, 537 S.E.2d 35, 37 (2000) (quoting Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63-64, 526 S.E.2d 295, 297 (2000)).

> "An injury is not compensable merely because it occurred during the performance of some employment duty if the act performed by the employee is not a causative hazard of the employment. Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment. . . . [These are risks] to which the general public is equally exposed." Id. at 829-30, 537 S.E.2d at 37.
>
> It is well established that a fall down stairs does not arise out of the employment without evidence of a defect in the stairs or evidence that a condition of the employment caused the fall. However, an injury sustained as a result of a step of abnormal height or condition is compensable.

Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 287, 572 S.E.2d 505, 509 (2002) (citations omitted).

Here, claimant provided several contradictory statements about her alleged injury. She explained

> I was descending down the last flight of stairs, roughly about the third or fourth stair or step from the bottom my shoe gripped on the

- 3 -

steps and I fell backward in a sitting position on the metal stairs causing my jaws to clench and fracturing a tooth in my left upper quadrant and causing low back pain.[2]

She denied slipping or tripping on anything and explained her right foot "kind of stopped short, gripping short and I fell backward." She denied there was a defect on the stairs or that she tripped or slipped on a foreign object. When asked to explain what she meant by "gripping short," she responded, "I'm not sure if it was the paint, wax or gripping on the stairs." She acknowledged she was merely speculating as to potential causative scenarios, and admitted, "[t]o this day, I still, I don't know what caused" the fall.

Whitney Jones, a supervisor for employer, testified that the steps had been damp-mopped the night before, but had not been painted, waxed or altered in any way with respect to their construction during the time period in question. Jones stated she used the stairs numerous times and never had any difficulty doing so.

Both the deputy commissioner and the full commission concluded the claimant was not a credible witness because she testified inconsistently about various issues, including the condition of the tooth in question, the timing of her dentist appointment, and whether she had previously suffered from back problems.[3]

"'[I]t is fundamental that a finding of fact made by the [c]ommission is conclusive and binding upon this court on review.'" Sneed v. Morengo, Inc., 19 Va. App. 199, 204-05, 450

---

[2] She also asserted the stairs looked freshly painted.

[3] For example, at one point claimant stated she went to the dentist immediately after the fall, and at another point, she stated she waited until her shift was finished to go to the dentist. Although the claimant asserted her teeth were in good health prior to the fall and her tooth fracture was the result of the trauma she suffered at work on March 4, 2008, Dr. Allen McCleod determined claimant's tooth was so decayed, it was not salvageable. Initially, claimant also denied she had lower back problems despite the fact she was treated for low back pain as early as April 7, 2003 and as late as five days prior to the alleged accident. Her treating doctor refused claimant's request for a statement that her alleged fall at work contributed to her back condition. Claimant later conceded she had pre-existing low back problems.

S.E.2d 167, 170-71 (1994) (quoting Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986)); see also Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) ("[T]he appellate court does not retry the facts, reweigh the preponderance of the evidence, or *make its own determination of the credibility of the witnesses*." (citations omitted, emphasis added)).

We cannot conclude the commission erred in finding claimant's testimony to be incredible and inconsistent. Nor can we conclude the commission erred in finding claimant failed to establish her injuries were causally related to a compensable workplace injury where the evidence failed to establish the stairs posed a particular risk to claimant and not one to which the general public was exposed.

II. Claimant Contends the Commission Erred in its Application of Rule 3:3[4]

Rule 5A:20(e) mandates that the opening brief include "principles of law and the authorities" relating to each assignment of error.

Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Here, appellant did not comply with Rule 5A:20(e); the opening brief does not contain any principles of law, argument, or citation to legal authorities or the record to develop appellant's arguments. Thus, we need not consider appellant's arguments. Theisman v. Theisman, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

---

[4] Commission Rule 3.3 states, "[n]o new evidence may be introduced by a party at the time of review except upon agreement of the parties. A petition to reopen or receive after-discovered evidence may be considered only upon request for review."

### III. Punitive Damages

Claimant contends she is entitled to recover punitive damages. She contends,

> [s]he has not had the opportunity to continue her formal education, maintain the yearly continuing education requirements for her licensure; nor has she been able to find gainful employment or supplemental employment due to the injuries and due to the inconsistencies in the business practices exhibited by the [a]pellees [sic] while she was employed with the organization.

The fundamental purpose of the Virginia Workers' Compensation Act is to give compensation for *accidental* injuries arising out of and in the course of employment without regard to fault. Lawrence J. Pascal, Virginia Workers' Compensation: Law and Practice 1-3 (3d ed. 2000). "'It is as essential to industry as it is to labor.'" Id. (quoting Feitig v. Chalkley, 185 Va. 96, 98, 38 S.E.2d 73, 73 (1946)). "It extends the employer's liability to all *accidental personal injuries* 'arising out of and in the course of the employment'" Id. (emphasis added) (quoting Feitig, 185 Va. at 98, 38 S.E.2d at 73).

The Supreme Court has previously stated damages for intentional or negligent infliction of emotional distress or "personal damages" "are not the result of an injury by accident within the meaning of the Act, but the result of a gradually incurring injury." Williams v. Garraghty, 249 Va. 224, 238, 455 S.E.2d 209, 218 (1995). Similarly, we cannot conclude claimant's request for punitive damages qualifies as an accidental injury that arose out of or in the course of her employment. As such, we have no jurisdiction to consider the claim for punitive damages.

### CONCLUSION

For the reasons stated above, we affirm the commission's decision.

Affirmed.