COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Alston and Senior Judge Bumgardner
Argued at Alexandria, Virginia

G4S GOVERNMENT SOLUTIONS, INC. AND
  NEW HAMPSHIRE INSURANCE COMPANY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0641-14-4              JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 25, 2014
BRENICE McDONALD


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              S. Vernon Priddy III (Cecil H. Creasey, Jr.; Two Rivers Law Group,
              P.C., on brief), for appellants.

              No brief or argument for appellee.


       G4S Government Solutions, Inc. appeals an award of benefits for a fall occurring in the

workplace.  The employer contends the accident did not arise out of a risk of employment and

that Brenice McDonald did not provide statutorily required notice of her accident.  We conclude

the accident did not arise out of a risk of employment.  Thus, we reverse the commission's

decision.

       On appeal, we view the "evidence and all reasonable inferences that may be drawn from

that evidence" in the light most favorable to the party prevailing before the commission.  Artis v.

Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (*en banc*).  McDonald

worked as a security officer.  She explained that on July 7, 2011, she left her post to use a

portable restroom located across the street from the security booth.

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After she used the restroom, McDonald was hot and did not want to return to the enclosure in which she worked. She sat next to the restroom on what she called a "Jersey wall." The wall is "made out of brick" and approximately "seat height" with a flat top about twelve inches wide. She explained it was not unusual for employees to sit on the wall. Moments after sitting on the wall, McDonald lost her balance and fell backwards, striking her neck on the ground.

McDonald informed her supervisor towards the end of July that she was experiencing pain and tingling in her left arm, but she did not tell her supervisor about the fall at that time. Concerned that she might be having "serious heart issues," McDonald sought medical treatment in early August. After learning her symptoms were related to her fall, McDonald reported the accident to her supervisor.

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989). "The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." PYA/Monarch v. Harris, 22 Va. App. 215, 221, 468 S.E.2d 688, 691 (1996).

Employer does not dispute that an accident occurred or that McDonald's injury was sustained in the course of her employment. Employer argues only that the accident and resulting injury did not arise out of McDonald's employment. "In determining whether an employee's injury arose out of the employment, we apply the 'actual risk test, which requires that the employment subject the employee to the particular danger that brought about his or her injury.'" Nurses 4 You, Inc. v. Ferris, 49 Va. App. 332, 340, 641 S.E.2d 129, 132 (2007) (quoting Smithfield Packing Co. v. Carlton, 29 Va. App. 176, 181, 510 S.E.2d 740, 742 (1999)).

"Whether an injury arises out of and in the course of employment involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001) (citing Norfolk Cmty. Hosp. v. Smith, 33 Va. App. 1, 4, 531 S.E.2d 576, 578 (2000)). "Accordingly, although we are bound by the commission's underlying factual findings if those findings are supported by credible evidence, . . . we review *de novo* the commission's ultimate determination as to whether the injury arose out of the claimant's employment." Stillwell v. Lewis Tree Serv., 47 Va. App. 471, 477, 624 S.E.2d 681, 683 (2006).

"A claimant's injury arises out of the employment if the manner in which the employer requires the work to be performed is causally related to the resulting injury." Southside Virginia Training Ctr. v. Ellis, 33 Va. App. 824, 828, 537 S.E.2d 35, 37 (2000).

> "An injury is not compensable merely because it occurred during the performance of some employment duty if the act performed by the employee is not a causative hazard of the employment. Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment . . . . [These are risks] to which the general public is equally exposed." Id. at 829-30, 537 S.E.2d at 37.
>
> It is well established that a fall down stairs does not arise out of the employment without evidence of a defect in the stairs or evidence that a condition of the employment caused the fall. However, an injury sustained as a result of a step of abnormal height or condition is compensable.

Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 287, 572 S.E.2d 505, 509 (2002) (citations omitted).

In this case, McDonald failed to prove a causal connection between her work and her fall. She could not explain why she fell. She did not claim the fall was due to some inherent flaw or danger in the brick wall upon which she sat. Rather, McDonald's only suggested explanation for her fall was the shortness of her legs. The commission concluded McDonald had "identified a

cause for her imbalance and her fall" and that her "injuries arose out of her employment." We disagree. McDonald merely stated that "[i]t just so happened my legs were a little shorter than the others." She did not explain how this could have caused her to lose her balance and fall off the wall.

"The claimant [has] the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that [she] suffered an injury by accident which arose out of and in the course of the employment." Central State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). "To be compensable, an injury must grow out of the risks particular to the nature of the work. 'Risks to which all persons similarly situated are equally exposed and not traceable to some special degree to the particular employment are excluded.'" Hercules, Inc. v. Stump, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986) (quoting Dreyfus & Co. v. Meade, 142 Va. 567, 570, 129 S.E. 336, 337 (1925)).

While it is undisputed that McDonald fell, the evidence does not support the conclusion that a condition of the workplace caused the accident. There was no persuasive evidence as to the cause of the claimant's fall to link it sufficiently to a condition of her employment. The commission erred in concluding McDonald established her injuries were causally related to a compensable workplace injury because the evidence failed to establish the wall posed a particular risk to the claimant and not one to which the general public was exposed. The evidence here simply does not support the factual inferences drawn by the commission.

Because we find the commission erred in concluding the accident arose out of a risk of employment, we need not address employer's contention that the commission erred by finding McDonald provided the statutorily required notice of her accident. See Podracky v. Commonwealth, 52 Va. App. 130, 134, 662 S.E.2d 81, 84 (2008) ("'[A]n appellate court decides

cases on the best and narrowest ground available.'" (quoting Luginbhyl v. Commonwealth, 48

Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*))).

The decision of the commission is reversed.

Reversed.