COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Chafin and Malveaux
Argued at Salem, Virginia

HARVEY SHREWSBERRY

v.          Record No. 1657-17-3

MARTINSVILLE MACHINE WORKS, INC. AND
  AMERICAN BUILDERS INSURANCE COMPANY

MEMORANDUM OPINION* BY
JUDGE TERESA M. CHAFIN
MARCH 6, 2018

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Fred D. Smith, Jr. (Fred D. Smith, Jr., P.C., on briefs), for appellant.

Brian J. McNamara (Brian Aaron Richardson; Eva Claire Roffis;
McCandlish Holton Morris, P.C., on brief), for appellees.


On September 11, 2017, the Virginia Workers' Compensation Commission denied

Harvey Shrewsberry workers' compensation benefits for injuries he sustained when he stood

from a bent position after moving pieces of metal at work.  On appeal, Shrewsberry contends that

the Commission erred by disregarding uncontradicted medical evidence pertaining to the cause

of his injuries and concluding that his injuries did not arise out of his employment.  For the

reasons that follow, we affirm the Commission's decision.

I.  BACKGROUND

On appeal, this Court views the evidence in the light most favorable to Shrewsberry's

employer, the prevailing party before the Commission.  See Liberty Mut. Ins. Corp. v. Herndon,

59 Va. App. 544, 550, 721 S.E.2d 32, 35 (2012).  So viewed, the evidence is as follows.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Shrewsberry worked for Martinsville Machine Works, Inc., as a machinist and "multi-tasker." On October 2, 2015, Shrewsberry and his boss, Daniel Critz, secured a plastic tarp to the roof of the shop to temporarily prevent water from leaking into the building. Shrewsberry and Critz placed eight pieces of angle iron around the edges of the tarp in order to keep it in place on the flat roof. Each piece of angle iron was twenty feet long and weighed approximately sixty pounds. The pieces of angle iron were lifted to the roof of the building by a mechanical hoist, and then carried and lowered into place by Shrewsberry and Critz. Both men lifted each piece of metal together, with Shrewsberry lifting one end of the angle iron and Critz lifting the other.

As Shrewsberry stood after he bent and lowered the last piece of angle iron into place on the tarp, he felt pain in his left foot. He told Critz that his foot hurt as they were walking to the ladder used to access the roof. After he and Critz climbed down the ladder, Shrewsberry returned to work in the machine shop. His pain intensified, however, and began to radiate into his leg. Shrewsberry left work and sought medical treatment.

Shrewsberry did not initially attribute his injuries to a work accident. Records from Shrewsberry's primary care physician from the date of his injury did not reference his work activities. The records listed the "mechanism of injury" as "no trauma." Similarly, records from Shrewsberry's orthopedist from October 9, 2015, failed to mention any of his work activities and stated that there were "no precipitating factors" in his case. Shrewsberry did not link his injuries to his work activities until he visited a neurosurgeon on November 4, 2015.

Eventually, Shrewsberry was diagnosed with a herniated disc and the compression of an associated nerve root.[1] Shrewsberry claimed that he did not have any similar injuries prior to

---

[1] Specifically, Shrewsberry was diagnosed with a L5-S1 herniated disc with a fragment compressing the L5 nerve root.

October 2, 2015, and he filed a claim for workers' compensation benefits for injuries to his lower back and his left foot, ankle, leg, and hip.

On October 14, 2015, Shrewsberry spoke to a claims adjuster regarding his injuries. Shrewsberry could not "pinpoint" exactly when his injuries occurred. He told the adjuster that he and Critz were carrying materials across the roof of the machine shop when his "leg just started hurting." He then explained that he did not pull or lift anything to cause his injuries. Shrewsberry's employer denied his workers' compensation claim based on these statements.

Shrewsberry also addressed his injuries in a pre-hearing statement filed with the Commission on January 27, 2016. In that statement, Shrewsberry agreed that he and Critz had "no problems" handling the angle iron or securing the tarp in place on October 2, 2015. He further agreed that neither he nor Critz were injured during the task. Contradictory pre-hearing statements were subsequently filed with the Commission.

Shrewsberry described the work activities preceding his injuries in further detail in his May 16, 2016 deposition. Shrewsberry expressly confirmed that the pain in his foot did not start until after he and Critz had secured the tarp to the roof of the building. Specifically, Shrewsberry testified that the pain in his foot started when he stood after placing the last piece of angle iron on the tarp. He clarified that he was not holding anything in his hands when his pain started. He also testified that he did not overexert himself when he lifted, carried, or placed the angle iron. Additionally, Shrewsberry confirmed that his prior statements to the claims adjuster and the statements from his January 27, 2016 pre-hearing statement were truthful and accurate.

In his own deposition, Critz generally confirmed Shrewsberry's version of the events that occurred prior to his injury. Critz noted, however, that Shrewsberry did not wince or cry out in pain when they were placing the last piece of angle iron on the tarp. While Critz acknowledged

that Shrewsberry told him his foot was hurting as they were walking back to the ladder, he explained that he did not realize that Shrewsberry had sustained a significant injury.

A deputy commissioner held a hearing regarding Shrewsberry's workers' compensation claim on March 29, 2017. At the hearing, Shrewsberry testified consistently with his prior statements pertaining to his injuries and the work activities preceding them. To support his claim, Shrewsberry relied on statements from Dr. James Vascik, his treating neurosurgeon. Vascik opined that Shrewsberry's injuries were proximately caused by his work activities on October 2, 2015, namely "carrying one end of a twenty (20) foot piece of angle iron, then bending to lower the piece into a joint between the roof top and a side wall, and then straightening up after the angle iron placement."

The deputy commissioner denied Shrewsberry's claim for benefits on April 11, 2017, and Shrewsberry requested a review of the decision. On September 11, 2017, the Commission unanimously affirmed the deputy commissioner's decision. The Commission noted that Shrewsberry initially failed to link his injuries to his work activities on October 2, 2015. Furthermore, the Commission observed that Shrewsberry only felt pain as he stood after placing the last piece of angle iron on the tarp. The Commission then explained that the evidence presented in this case failed to establish that "there was anything unusual about the manner in which [Shrewsberry] had to maneuver to place the angle iron and rise to his feet." Applying the "actual risk test" set forth in Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000), and other cases, the Commission concluded that "[m]erely standing is an ordinary activity that does not arise out of a risk of employment," and denied Shrewsberry's claim. This appeal followed.

- 4 -

## II. ANALYSIS

On appeal, Shrewsberry contends that the Commission erred by concluding that his injury did not arise out of his employment. Shrewsberry argues that Vascik's statements conclusively established that he was injured in the process of placing the angle iron on the roof of his employer's building. As Vascik's opinion was not contradicted by other evidence, Shrewsberry contends that the Commission erred by concluding that his injury occurred when he merely stood from a bent position after placing the angle iron on the roof. We disagree with Shrewsberry's argument.

The Commission's decision that an accident arises out of employment presents a mixed question of law and fact. See Herndon, 59 Va. App. at 555, 721 S.E.2d at 37. While we review the ultimate legal issue *de novo*, "the [C]ommission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence." City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008); see also Code § 65.2-706(A) ("[A]n award of the [C]ommission . . . shall be conclusive and binding as to all questions of fact."). "In determining whether credible evidence exists to support the [C]ommission's findings of fact, '[we do] not retry the facts, reweigh . . . the evidence, or make [our] own determination of the credibility of the witnesses.'" Nurses 4 You, Inc. v. Ferris, 49 Va. App. 332, 340, 641 S.E.2d 129, 132 (2007) (quoting Tex Tech Indus. v. Ellis, 44 Va. App. 497, 504, 605 S.E.2d 759, 762 (2004)).

To obtain compensation for injuries, a claimant must prove that he or she suffered an injury by accident "arising out of and in the course of the employment." Code § 65.2-101. The claimant bears the burden of proving that his or her injuries are compensable "by a preponderance of the evidence, and not merely by conjecture or speculation." Cent. State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). "An award based upon surmise or

conjecture will be set aside." Sullivan v. Suffolk Peanut Co., 171 Va. 439, 443, 199 S.E. 504, 506 (1938).

In determining whether an injury arises out of employment,

> "Virginia employs the actual risk test. A claimant's injury arises out of the employment if the manner in which the employer requires the work to be performed is causally related to the resulting injury." . . . "[A]n injury does not arise out of the employment when it 'cannot fairly be traced to the employment as a contributing proximate cause and . . . comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood.'"

Ellis, 33 Va. App. at 828-29, 537 S.E.2d at 37 (quoting Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 63-64, 526 S.E.2d 295, 297 (2000)).

"Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Id. at 829, 537 S.E.2d at 37. "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989)). "'[A] "critical link" must exist between the conditions of the workplace and the injury in order for the injury to qualify as "arising out of" the employment.'" PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 221, 468 S.E.2d 688, 691 (1996) (quoting Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991)).

In the present case, the Commission determined that Shrewsberry was injured when he merely stood from a bent position after placing the angle iron on the tarp. "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688,

- 6 -

376 S.E.2d 814, 817 (1989). Credible evidence supported the Commission's causation determination in this case.

Throughout the proceedings, Shrewsberry consistently stated that he felt pain when he stood *after* he placed the angle iron on the tarp. Shrewsberry did not report a work accident to either his primary care physician or orthopedist in the days following his injury. Moreover, he candidly admitted to the claims adjuster involved with his case that he did not lift or pull anything to cause his injuries. In his initial pre-hearing statement filed with the Commission, Shrewsberry agreed that he was not injured when he moved and placed the angle iron on October 2, 2015. He confirmed that these statements were truthful and accurate at his deposition and when he testified before the deputy commissioner.

Furthermore, the evidence failed to establish that there was anything unusual about the way that Shrewsberry lifted or carried the angle iron, or the way that he stood after he placed the angle iron on the roof. Shrewsberry testified that he did not have tools or any other objects in his hands when he stood after placing the angle iron on the tarp. He also explained that he did not overly exert himself when he lifted or carried the angle iron. The evidence also failed to establish or imply that Shrewsberry's work activities placed him in an awkward position or required him to bend for an extended period of time.

The evidence presented in this case provided ample support for the Commission's determination that Shrewsberry was injured when he merely stood after he placed the angle iron on the roof. Thus, that determination is binding on appeal. As Shrewsberry's injuries were caused by a simple act of standing rather than some work condition or activity, his injuries were not compensable. As aptly stated by the Commission, "[m]erely standing is an ordinary activity that does not arise out of a risk of employment."

Although Shrewsberry contends that the Commission erred by disregarding Vascik's opinion pertaining to the cause of his injuries, this argument is without merit. Shrewsberry's own statements contradicted Vascik's opinion. While Vascik determined that Shrewsberry's injuries occurred at some point as he carried the angle iron, bent to place it on the tarp, and stood to an upright position after placing the metal, Shrewsberry consistently stated that carrying the angle iron and bending to place it on the tarp did not cause his injuries.

Moreover, we note that Vascik's earlier reports indicated that he assumed that Shrewsberry's pain started when he bent to place the angle iron on the tarp rather than when he stood after he placed the angle iron. Records from Vascik's initial evaluation of Shrewsberry on November 4, 2015 stated, "As Mr. Shrewsberry squatted down to put his end [of the angle iron] in place he felt what he describes as a knife being stuck in the top of his left foot." Later in the same document, Vascik stated that Shrewsberry's "pain began when [h]e was bending." "[W]henever a physician's diagnosis flows from an assumption that rests upon a faulty premise, such as misinformation provided by a claimant, the [C]ommission may refuse, and often will be required to refuse, to attribute any weight to that opinion." Hoffman v. Carter, 50 Va. App. 199, 215, 648 S.E.2d 318, 326 (2007) (quoting Sneed v. Morengo, Inc., 19 Va. App. 199, 205, 450 S.E.2d 167, 171 (1994)).

We also note that Vascik's opinion regarding the causation of Shrewsberry's injuries was conclusory. Vascik provided the opinion at issue in response to a questionnaire from Shrewsberry's attorney, and he simply checked "yes" in a box following a question concerning the cause of Shrewsberry's injuries without providing any further explanation of his answer. Vascik was not deposed by either party in this case, and he did not testify before the Commission. Notably, Vascik did not provide any details regarding the mechanism causing

Shrewsberry's injuries. He did not explain how carrying the angle iron or bending to place it on the tarp could have caused or contributed to Shrewsberry's injuries.

Under the present circumstances, Shrewsberry failed to meet his burden to establish that his injuries were caused by an actual risk of his employment. Therefore, the Commission did not err by denying his claim for workers' compensation benefits.

## III. CONCLUSION

As Shrewsberry failed to establish that his injuries arose out of his employment, we affirm the Commission's decision.

<u>Affirmed.</u>