COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges AtLee and Friedman

LEON STROM

MEMORANDUM OPINION*
v.        Record No. 0095-22-4                                    PER CURIAM
                                                                 JANUARY 24, 2023
TRANSDEV SERVICES, INC. AND
  OLD REPUBLIC INS. CO.


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Leon Strom, on brief), *pro se*.

            (Danielle A. Takacs, on brief), for appellees. Appellees submitting
            on brief.


        Leon Strom appeals a decision of the Workers' Compensation Commission finding that

he failed to prove a compensable injury by accident. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the

Commission's decision.

                                        BACKGROUND

        "On appeal from a decision of the Workers' Compensation Commission, the evidence and

all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below." *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015)

(quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83 (2005) (en banc)). Strom worked as a

bus driver for Transdev Services, Inc. ("employer"). On October 16, 2020, Strom was pulling out

from a bus stop when a car collided with the bus. Surveillance footage from inside and outside the

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

bus depicted Strom and the accident. Both angles showed Strom calmly exiting the bus, speaking with the driver of the car, and returning to the bus to collect some documents. Strom experienced no pain or discomfort immediately after the accident.

Before the accident, Strom had suffered chronic pain following motor vehicle accidents in 2003 and 2019. He had pain in his neck and back following the 2019 accident. Strom continued to have "problems" with his lower back, neck, and right arm in 2020. Dr. Bryan Senisi, who evaluated Strom on October 2, 2020, noted that his "chronic back pain" was "likely related to being a multi[-]sport athlete in his youth." Strom was on modified work duty from October 2, 2020, through October 15, 2020, and was scheduled for physical therapy on October 20, 2020. October 16, 2020, the day of the bus accident, was the first day he had been released to work at full capacity.

On October 30, 2020, Strom sought medical treatment from Abigail Wong, PA-C. Wong noted that Strom had pain in his left shoulder, neck, and lower back after a motor vehicle accident on October 16, 2020 and that his injuries resulted from the accident. She diagnosed him with lumbar strain and left shoulder strain, referred him to physical therapy, and released him to modified work. Wong, who saw Strom again in early November 2020, did not mention Strom's 2019 automobile accident or pre-existing back, neck, or right arm problems in Strom's records.

Strom saw Dr. Sam Marco on November 5, 2020, complaining of neck, left shoulder, and lower back pain. Dr. Marco noted that Strom had "[n]o significant past medical history." During a November 25, 2020 visit, Strom denied any history of neck pain. Strom continued to see Dr. Marco through December 2020. Dr. Marco ordered an MRI of Strom's spine and referred him to an orthopedist.

On December 1, 2020, orthopedist Dr. Hajeer Sabet reviewed Strom's cervical and lumbar MRIs and diagnosed him with cervical and lumbar radiculopathy and sprain, as well as cervical spinal stenosis, L4-L5 facet pain with grade 1 spondylolisthesis, and lumbar spasms. Although

Dr. Sabet noted that Strom sustained injuries to his neck and back in the October 16, 2020 motor vehicle accident, he did not mention Strom's 2019 accident or prior back problems. In Dr. Sabet's opinion, Strom could not return to work.

On December 14, 2020, and on March 17, 2021, Strom filed claims for benefits alleging injury by accident to his neck, back, left shoulder, and left arm as a result of the October 16, 2020 accident. He sought lifetime medical benefits and total disability benefits beginning December 9, 2020.

Following a hearing, the deputy commissioner found that Strom failed to prove he had suffered a compensable injury by accident. The deputy commissioner was persuaded by Dr. Senisi's October 2, 2020 note that Strom "had been 'struggling with [lumbar radiculopathy] for years.'" Moreover, the deputy commissioner concluded that Strom's post-accident medical providers were unaware of his history of neck and back problems following his April 2019 motor vehicle accident because they did not note them in his history. The deputy commissioner emphasized that Strom testified his symptoms emerged approximately a week after the accident, but he told Wong that his left shoulder and lower back pain had been present "since" his October 16, 2020 accident. Dr. Sabet's notes also contained no mention of the one-week delayed onset of symptoms. Accordingly, the deputy commissioner rejected Wong's opinion that Strom's injuries resulted from the accident because it was "based upon an incomplete or inaccurate medical history." The deputy commissioner rejected Strom's claim that his neck and shoulder problems resulted from the accident "in view of the delayed onset and the absence of any provider's explanation" for the delay. He also rejected Strom's claim that the accident caused his lower back injury, citing his "chronic" pre-existing back problems and the lack of evidence that he informed his health care providers of his pre-existing back condition.

On review, the Commission affirmed the deputy commissioner and found that Strom failed to prove he had suffered a compensable injury in the October 16, 2020 accident. Although it agreed that the video evidence established Strom was involved in a motor vehicle accident while driving the bus, it concluded he "suffered [no] bodily change as a result of the accident." The Commission concluded that Strom had not provided accurate information to his health care providers. It emphasized that Strom was receiving treatment for chronic lower back pain before the accident and had just been released from work restrictions, but his post-accident medical records did not cite his history of back and neck injuries. To the contrary, Dr. Marco's records indicated that Strom had no significant medical history and that he denied prior neck problems. The Commission rejected Strom's testimony that he communicated his pre-existing back and neck problems to Dr. Sabet, emphasizing that Dr. Sabet's records did not cite them and that Strom had denied such a history to Dr. Marco. Moreover, although Strom testified he experienced no symptoms for approximately a week after the accident, his medical records did not reflect that he informed his physicians of the delayed onset of symptoms. Based on its finding that Strom did not provide accurate information to his health care providers, the Commission rejected their opinions that his injuries resulted from the October 16, 2020 accident. Accordingly, it held that he failed to prove a compensable injury by accident. Strom appeals.

ANALYSIS

Decisions of the Commission "shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A). "Consequently, on appeal, 'we do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses.'" *Jeffreys v. Uninsured Employer's Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). Instead, "we are bound by the [C]ommission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind

- 4 -

*could* conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." *Artis*, 45 Va. App. at 83-84 (quoting *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222 (1988)). "The scope of a judicial review of the fact[-]finding function of [the C]ommission . . . is 'severely limited, partly in deference to the agency's expertise in a specialized field.'" *Roske v. Culbertson Co.*, 62 Va. App. 512, 517 (2013) (quoting *Southside Va. Training Ctr. v. Ellis*, 33 Va. App. 824, 828 (2000)). "However, the [C]ommission's legal determinations are not binding on appeal and will be reviewed *de novo*." *Id.* (quoting *Wainwright v. Newport News Shipbuilding & Dry Dock Co.*, 50 Va. App. 421, 430 (2007)).

Strom maintains that the Commission erred by finding that he did not sustain a compensable injury by accident on October 16, 2020. Although he acknowledges he had pre-existing neck and back problems, Strom contends that "[t]here is supporting medical evidence" demonstrating he sustained neck, back, and shoulder injuries in the October 16, 2020 accident. Citing his treatment from PA-C Wong, Dr. Sabet, and Dr. Marco, as well as chiropractor Lauren Hale,[1] Strom contends that he suffered "new injuries" as a result of the accident. Strom stresses that Dr. Sabet noted on December 10, 2020, that he sustained an injury to his neck and back as a result of the October accident, with his MRI revealing spondylolisthesis of the lumbar spine, severe spinal stenosis, and degenerative disc disease with cervical spinal cord impingement. He also emphasizes that Wong's records indicated he had had left shoulder pain and lower back pain "since" his October 16, 2020 motor vehicle accident. Strom maintains that the evidence proved his motor vehicle accident "aggravated" his pre-existing back injury. We disagree.

---

[1] Hale excused Strom from work for two weeks in early December "[d]ue to injuries sustained in a motor vehicle accident."

The Commission's determination of causation is a finding of fact. *Lee Cnty. Sch. Bd. v. Miller*, 38 Va. App. 253, 260 (2002). "[F]actual findings of the [C]ommission will not be disturbed if based on credible evidence." *Hess v. Virginia State Police*, 68 Va. App. 190, 194 (2017) (quoting *Anthony v. Fairfax Cnty. Dep't of Fam. Servs.*, 36 Va. App. 98, 103 (2001)). "[U]nlike the Commission, the reviewing court is not charged with determining anew whether the employer's evidence of causation should be accorded sufficient weight to constitute a preponderance of the evidence on that issue." *Bass v. City of Richmond Police Dep't*, 258 Va. 103, 114-15 (1999).

"Causation is usually proven by medical evidence." *Clinch Valley Med. Ctr. v. Hayes*, 34 Va. App. 183, 192 (2000). "The opinion of the treating physician is entitled to great weight, although the [C]ommission is not required to accept it[.]" *Vital Link, Inc. v. Hope*, 69 Va. App. 43, 64 (2018) (second alteration in original) (quoting *United Airlines, Inc. v. Hayes*, 58 Va. App. 220, 238 (2011)). "[S]uch an opinion is not conclusive, especially when the opinion is not accompanied by any reasoning or explanation." *Thompson v. Brenco, Inc.*, 38 Va. App. 617, 623 (2002). "If there is any doubt in the treating physician's opinion, or if there is contrary expert medical opinion, 'the [C]ommission is free to adopt that which is most consistent with reason and justice.'" *United Airlines, Inc. v. Sabol*, 47 Va. App. 495, 501-02 (2006) (quoting *Williams v. Fuqua*, 199 Va. 709, 714 (1958)). "Whenever a physician's diagnosis flows from an assumption that rests upon a faulty premise, such as misinformation provided by a claimant, the [C]ommission may refuse, and often will be required to refuse, to attribute any weight to that opinion." *Howell Metal Co. v. Adams*, 35 Va. App. 184, 188 (2001) (quoting *Sneed v. Morengo, Inc.*, 19 Va. App. 199, 205 (1994)). Indeed, under such circumstances, "the Commission err[s] in attributing any weight to it." *Clinchfield Coal Co. v. Bowman*, 229 Va. 249, 252 (1985).

Here, the record supports the Commission's decision that Strom failed to prove a compensable injury by accident to his neck, shoulder, and back. The record establishes that Strom had been suffering from chronic back pain for years and had neck and back problems following a 2019 automobile accident. In addition, the record supports a rational inference that Strom never communicated his pre-existing issues to his health care providers after October 16, 2020, and, in fact, denied the existence of prior injuries. None of the medical providers noted Strom's prior injuries in his records, and some of them noted that he denied prior neck issues or any significant medical history. Moreover, the record supports the Commission's finding that Strom misrepresented to his health care providers that he immediately experienced symptoms after the accident. Although Strom testified that his symptoms developed approximately a week after the accident, Wong's notes reflect that he had had symptoms since October 16, 2020. Based on the conflicts between the pre-accident and post-accident medical records, and between Strom's testimony and the medical records, the Commission was entitled to find that the medical opinions linking the accident to Strom's injuries were not credible because they were based on faulty information. Further, as the Commission emphasized, no medical care provider offered an explanation regarding Strom's delayed onset of symptoms, an additional factor entitling the Commission to discount their opinions.

Finally, nothing in the record indicates that the medical care providers viewed the footage of the October 16, 2020 accident before rendering their opinions, an additional basis for discounting their opinions. The minimal impact depicted in that footage supported the Commission's finding that Strom was not injured during the accident. An "appellate court does not 'retry the facts,' reweigh the evidence, or make its own determination of the 'credibility of the witnesses.'" *Yahner v. Fire-X Corp.*, 70 Va. App. 265, 273 (2019) (quoting *Jeffreys*, 297 Va. at 87). That deference applies to determinations from recordings, sometimes referred to as a "silent witness." *Donati v.*

- 7 -

*Commonwealth*, 37 Va. App. 575, 581 (2002) (quoting *Brooks v. Commonwealth*, 15 Va. App. 407, 410 (1992)). "[A] trial court views video and other evidence to determine what it believes happened; we, on appellate review, view video evidence not to determine what we think happened, but for the limited purpose of determining whether any rational factfinder could have viewed it as the trial court did." *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022).

The Commission acted within its role as factfinder when it weighed Strom's testimony, the video evidence, and the opinions of his medical care providers against his pre-existing medical history and determined that his neck, back, and shoulder injuries were not caused by the October 16, 2020 accident. Accordingly, as competent and credible evidence supports the Commission's unanimous conclusion that Strom did not prove compensable injuries by accident, we affirm its decision.

## CONCLUSION

For the foregoing reasons, the Commission's judgment is affirmed.[2]

*Affirmed.*

---

[2] We also deny employer's motion to dismiss filed on June 23, 2022.